The plaintiff, David McClain, Jr., appeals from a summary judgment entered in favor of Birmingham Coca-Cola Bottling Company ("Coca-Cola") on his claim of alleged wrongful termination of employment.
The facts are briefly stated as follows: In April 1985, McClain, an at-will employee of Coca-Cola, was injured on the job. He timely filed a claim for, and received, worker's compensation benefits for his injuries. In August 1987, he was terminated. In September 1987, McClain sued Coca-Cola, claiming that his termination of employment had been in retaliation for his filing a claim for worker's compensation benefits.
McClain contends that his termination falls within the statutory exception to the doctrine of employment-at-will. More precisely, McClain contends that his termination violated the nonretaliation provisions of the Alabama worker's compensation statute, Ala. Code 1975, § 25-5-11.1. The pertinent part of that section provides:
 "No employee shall be terminated by an employer solely because the employee has instituted or maintained any action against the employer to recover worker's compensation benefits. . . ."
Conversely, Coca-Cola argues that there is no genuine issue of fact relating to the circumstances surrounding McClain's termination and that, as a matter of law, § 25-5-11.1 has no applicability to the facts presented here because McClain had not filed an "action" seeking worker's compensation benefits on or before the date of his termination.
In order to accurately assess the merits of the arguments presented, it is necessary to briefly review the statutory and decisional law relating to the employee-at-will doctrine. That doctrine, first adopted in this state in Howard v. EastTennessee, V. G. Ry., 91 Ala. 268, 8 So. 868 (1891), provides that an employment contract terminable at the will of either the employer or the employee may be terminated by either party at any time with or without cause. Bender ShipRepair, Inc., v. Stevens, 379 So.2d 594 (Ala. 1980).
Through the years, this Court has on many occasions declined to modify the employee-at-will doctrine. See, e.g., Kitsosv. Mobile Gas Service Corp., 431 So.2d 1150 (Ala. 1983);Meredith v. C.E. Walther, Inc., 422 So.2d 761
(Ala. 1982); Hinrichs v. Tranquilaire Hospital,352 So.2d 1130 (Ala. 1977). In one particular case, Meeks v. OppCotton Mills, Inc., 459 So.2d 814 (Ala. 1984), this Court refused to create an exception to the doctrine that would have provided employees a cause of action against employers who had terminated them because they had filed a claim for worker's compensation benefits. This Court pointed out, however, that the legislature was fully capable of creating exceptions to the employee-at-will doctrine if it so desired. (See,e.g., Ala. Code 1975, § 12-16-8.1, by which the legislature created an exception to the doctrine in direct response to our refusal to do so in Bender Ship Repair,supra.)
In an attempt to rectify a perceived harsh result inMeeks, the legislature modified the employee-at-will doctrine by prohibiting employers from terminating employees solely because they had "instituted or maintained any action against the employer to recover worker's compensation benefits." See § 25-5-11.1.
The pivotal question is whether the legislature's choice of the word "action" in § 25-5-11.1 was intended to restrict the cause of action to cases where the employee is terminated in retaliation for his decision to file a lawsuit, as opposed to merely filing a claim, to recover worker's compensation benefits.
At this point, it must be emphasized that because §25-5-11.1 was remedial legislation, it must be liberally construed to effect its purposes. Twilley v. Daubert CoatedProducts, Inc., 536 So.2d 1364 (Ala. *Page 1301 
1988). However, although the statute should be liberally construed, it should not be given a construction that extends it beyond its legitimate scope. City of Jasper v.Sherer, 273 Ala. 356, 141 So.2d 202 (1962). Where, as here, this Court is called upon to construe a statute, we must ascertain and effectuate the intent of the legislature as expressed in the statute; that intent may be gleaned from the language used, the reason and necessity for the act, and the goal sought to be accomplished. Ex parte Holladay,466 So.2d 956 (Ala. 1985). A literal interpretation of a statute will not be blindly adopted when it would defeat the purpose of the statute, if any other reasonable construction can be given to the language in dispute. Burton Manufacturing Co. v.State, 469 So.2d 620 (Ala.Civ.App. 1985).
As noted above, Coca-Cola contends that the legislature's choice of the word "action" necessarily precludes McClain from pursuing a cause of action under § 25-5-11.1 because he was terminated before he filed an "action" seeking to recover worker's compensation benefits. In support of its argument, Coca-Cola places great emphasis on the fact that, throughout the worker's compensation chapter, the word "action" is used discriminately to describe a judicial proceeding. Coca-Cola argues that if the legislature had intended to provide a cause of action to any employee who was terminated in retaliation for filing a "claim" seeking worker's compensation benefits, as opposed to filing a lawsuit for that purpose, it could have easily done so. In short, Coca-Cola argues that to reach beyond the literal language of § 25-5-11.1 would broaden its scope beyond that contemplated by the legislature and would be repugnant to the principles of statutory construction. We disagree.
Section 25-5-11.1 was clearly designed to prohibit employers from terminating employees in retaliation for their decision to file a claim for worker's compensation benefits. In order for the beneficent goals of the worker's compensation chapter to be realized, the employee must be able to exercise his right to be compensated for work-related injuries in an unfettered fashion without being subject to reprisal. The fear of being terminated would have a chilling effect on the employee's exercise of a statutory right. Viewed pragmatically, a literal interpretation of § 25-5-11.1 would not only encourage some employers to terminate injured employees who file claims for worker's compensation benefits, but it would also effectively discourage employees from ever filing a claim in the first place. Such an interpretation would be unreasonable because it would obviously circumvent the purpose behind § 25-5-11.1 and ultimately deprive it of any meaningful effect.
Although there are no Alabama cases directly on point, there are at least two cases, Carraway v. Franklin FergusonManufacturing Co., 507 So.2d 925 (Ala. 1987), andTwilley v. Daubert Coated Products, Inc.,536 So.2d 1364 (Ala. 1988), which, by implication, support our decision in favor of McClain. Admittedly, the main issue presented inCarraway, whether the failure of § 25-5-11.1 to provide for damages precludes a recovery under the statute, and the main issues presented in Twilley, the intent of the legislature in using the words "termination" and "solely" in § 25-5-11.1, are not dispositive of the issue presented here.[1] However, in both cases, the plaintiffs were allowed to proceed under § 25-5-11.1, notwithstanding the fact that they were terminated before they had filed an "action" to recover worker's compensation benefits. Hence, we find the *Page 1302 Carraway and Twilley decisions to be persuasive in this case.
Therefore, the summary judgment in favor of Coca-Cola is due to be, and it is hereby, reversed, and the cause is remanded.
REVERSED AND REMANDED.
HORNSBY, C.J., and ALMON, ADAMS and STEAGALL, JJ., concur.
[1] Additionally, the Twilley court adopted the following standard on the allocation of burdens of proof under § 25-5-11.1:
 "We hold that an employee may establish a prima facie case of retaliatory discharge by proving that he was 'terminated' because he sought to recover worker's compensation benefits, which would be an impermissible reason. The burden would then shift to the defendant employer to come forward with evidence that the employee was terminated for a legitimate reason, whereupon the plaintiff must prove that the reason was not true but a pretext for an otherwise impermissible termination."
536 So.2d at 1369.