624 So.2d 560 (1993)
Timothy MORGAN
v.
NORTHEAST ALABAMA REGIONAL MEDICAL CENTER, et al.
1920278.
Supreme Court of Alabama.
September 10, 1993.
*561 Donald R. Rhea of Rhea, Boyd & Rhea, Gadsden, for appellant.
F. Carlton King, Jr., and Paula A. Hilburn of Ford & Harrison, Atlanta, GA, and Brenda S. Stedham of Merrill, Porch, Dillon & Fite, P.A., Anniston, for appellees.
PER CURIAM.
Timothy Morgan appeals from a summary judgment in favor of the defendants, Northeast Alabama Regional Medical Center ("NEARMC"), and its employees Larry Zaner and Dan Morrison in his action alleging a wrongful termination of an employment relationship. The issue is whether the trial court erred in holding that Morgan cannot maintain an action pursuant to Ala.Code 1975, § 25-5-11.1, on the basis that he failed to give proper notice of a violation of a safety rule.
The basis of Morgan's action against NEARMC and its employees Zaner and Morrisonhis supervisorsis that he was forced to work in a boiler room that was insulated with materials containing dangerous amounts of asbestos and that when he complained about this condition his employment with NEARMC was terminated. Morgan presented evidence in opposition to the defendants' summary judgment motion that would support findings of the following facts: 1) that Morgan was assigned to work in the boiler room and was not transferred to another work area, even after he complained of the asbestos-laden insulation; 2) that Zaner and Morrison violated a NEARMC safety rule by ordering certain work done in the boiler room before the insulation could be analyzed to determine its asbestos content; 3) that Morgan lodged a formal complaint with the Occupational Safety and Health Administration ("OSHA") concerning the conditions in the boiler room; 4) that NEARMC had knowledge of this complaint; and 5) that Morgan was fired solely because of his complaints, particularly the complaint he filed with OSHA.
In support of a motion for summary judgment the movant must show that there is no genuine issue of material fact and that he is entitled to a judgment as a matter of law. A.R.Civ.P. 56. If the movant is able to make this prima facie showing, the burden then shifts to the nonmovant to provide substantial evidence in support of his position. Ala.Code 1975, § 12-21-12; Bass v. SouthTrust Bank of Baldwin County, 538 So.2d 794 (Ala.1989). Substantial evidence is "evidence of such weight and quality that fair-minded persons in the exercise of impartial judgment can reasonably infer the existence of the fact sought to be proved." West v. Founders Life Assurance Co. of Florida, 547 So.2d 870, 871 (Ala.1989).
Section 25-5-11.1 provides:
"No employee shall be terminated by an employer solely because the employee has instituted or maintained any action against the employer to recover workers' compensation benefits under this chapter or solely because the employee has filed a written notice of violation of a safety rule pursuant to subdivision (c)(4) of Section 25-5-11."

(Emphasis added.)
This Court has construed the first provision of § 25-5-11.1, regarding the termination of an employee for instituting or maintaining an action for workers' compensation benefits. In Carraway v. Franklin Ferguson Manufacturing Co., 507 So.2d 925 (Ala. 1987), the Court held that § 25-5-11.1 establishes a cause of action in tort for violation of its provisions and reversed a dismissal of the action. In Twilley v. Daubert Coated Products, Inc., 536 So.2d 1364 (Ala.1988), the Court interpreted "termination" to include a constructive termination, discussed the burdens of proof for and against the proposition that the employee was fired "solely" for filing a workers' compensation action, and reversed a judgment based on a directed verdict for the defendant. In McClain v. Birmingham Coca-Cola Bottling Co., 578 So.2d 1299 (Ala. 1991), the Court reversed a summary judgment for the defendant, holding that, although § 25-5-11.1 refers to an employee's instituting or maintaining an action for workers' compensation benefits, the statute should be construed to prohibit terminating an employee for submitting a claim for benefits, not just to prohibit termination for filing a *562 legal action. The Court in both Twilley and McClain relied in part on the principle that, because the Workers' Compensation Act, including § 25-5-11.1, is remedial, it will be construed liberally to effect its purposes. See also Continental Eagle Corp. v. Mokrzycki, 611 So.2d 313 (Ala.1992); Culbreth v. Woodham Plumbing Co., 599 So.2d 1120 (Ala.1992); Hayden v. Bruno's, Inc., 588 So.2d 874 (Ala.1991).
This Court has not, however, construed or applied the second provision of § 25-5-11.1, regarding termination for filing notice of violation of a safety rule. Morgan contends that he was terminated because of his complaints about asbestos exposure in his workplace, and he argues that this termination violates § 25-5-11.1. The defendants respond by stating that he did not file "a written notice of violation of a safety rule pursuant to subdivision (c)(4) of Section 25-5-11" and argue that his termination therefore does not violate § 25-5-11.1.
Section 25-5-11(c) gives four definitions of "willful conduct" for which an employee can have a cause of action against a co-employee under § 25-5-11(b). The fourth definition reads:
"Willful and intentional violation of a specific written safety rule of the employer after written notice to the violating employee by another employee who, within six months after the date of receipt of the written notice, suffers injury resulting in death or permanent total disability as a proximate result of the willful and intentional violation. The written notice to the violating employee shall state with specificity all of the following:
"a. The identity of the violating employee.
"b. The specific written safety rule being violated and the manner of the violation.
"c. That the violating employee has repeatedly and continually violated the specific written safety rule referred to in b. above with specific reference to previous times, dates, and circumstances.
"d. That the violation places the notifying employee at risk of great injury or death.
"A notice that does not contain all the above elements shall not be valid notice for purposes of this section. An employee shall not be liable for the willful conduct if the injured employee himself or herself violated a safety rule, or otherwise contributed to his or her own injury. No employee shall be held liable under this section for the violation of any safety rule by any other employee or for failing to prevent any violation by any other employee."
This heavy burden on a plaintiff who seeks to establish that his co-employee has willfully injured him is consistent with the legislative purposes in enacting the statute that amended § 25-5-11(c) to its present form. See Reed v. Brunson, 527 So.2d 102 (Ala.1988). Incorporation of all of these requirements into § 25-5-11.1 would not be consistent, however, with the remedial purposes of that provision. Section 25-5-11.1 was enacted to offset the harsh effects of the employment-at-will doctrine. See Twilley, supra. There are legitimate reasons for imposing a strict notice-filing requirement before a co-employee can be said to be engaging in "willful conduct" that injures the complaining employee, but those reasons do not apply to the policy of prohibiting employers from firing employees for complaining about safety violations. Thus, just as this Court in McClain construed "action" to mean any workers' compensation claim, not just an action at law, we construe the § 25-5-11.1 requirement of notice of a safety violation as not incorporating all the strict requirements of § 25-5-11(c)(4).
Section 25-5-78 requires an injured employee to file written notice of his workplace injury within five days after the injury unless prevented for good reason from doing so, but to file in any event within 90 days. "If the notice is not given, the employee ... shall not be entitled to physician's or medical fees nor any compensation which may have accrued under the terms of this article." However, the courts have long held that oral notice by the employee or actual knowledge on the part of the employer is sufficient to *563 support the employee's claim for benefits. C.E. Adams & Co. v. Harrell, 257 Ala. 25, 57 So.2d 83 (1952); Nashville Bridge Co. v. Honeycutt, 246 Ala. 319, 20 So.2d 591 (1945); Bonner v. Union Camp, Inc., 559 So.2d 183 (Ala.Civ.App.1989), cert. denied, 559 So.2d 185 (Ala.1990); Ragland Brick Co. v. Campbell, 409 So.2d 443 (Ala.Civ.App.1982); Legg v. Americold Compressor Co., 336 So.2d 1121 (Ala.Civ.App.1976). The Court adopted this construction in an opinion by Justice Bouldin in 1925:
"That the notice must be written is for certainty; that it is to be given promptly is to enable the employer to make speedy examination, afford proper treatment, and protect himself against simulated or exaggerated claims.
"If the injury occur under the eye of the employer, or if all the facts are brought to his knowledge within the time written notice is required, he can suffer no injury; the giving of notice becomes a matter of technical form, a trap for the helpless and unadvised.
"Construing our statutes as a whole, we think this result is not intended."
Ex parte Stith Coal Co., 213 Ala. 399, 400, 104 So. 756, 757 (1925).
Similarly, a construction of § 25-5-11.1 in light of its remedial purposes would prohibit employers from discharging employees for complaining about safety violations, regardless of whether the complaints met the strict requirements of § 25-5-11(c)(4). We need not decide whether a written complaint is necessary, or whether clear evidence of specific, pertinent oral complaints will suffice, because Morgan's written complaint to OSHA prompted OSHA to investigate NEARMC's facilities. OSHA provided NEARMC with a written copy of the formal complaint, although it appears that OSHA may not have informed NEARMC of who filed the complaint.[1] This written complaint that was submitted to NEARMC, together with the evidence of the repeated oral complaints by Morgan, is sufficient evidence of notice to the defendants for Morgan to invoke the protection of § 25-5-11.1.
Of course, Morgan must prove that his employment was terminated solely because he gave notice of safety violations, see Twilley and Culbreth, supra. He presented substantial evidence in support of that claim, and the judgment is therefore due to be reversed and the cause remanded.
REVERSED AND REMANDED.
HORNSBY, C.J., and ALMON, SHORES, ADAMS, KENNEDY and INGRAM, JJ., concur.
MADDOX and HOUSTON, JJ., dissent.
MADDOX, Justice (dissenting).
Insofar as I can tell, this is the first time that this Court has had an occasion to ascertain the legislative intent behind § 25-5-11.1, Ala.Code 1975, as it relates to an employee who alleges that he was terminated because be complained about the violation of safety rules. This Court, on other occasions, has construed § 25-5-11.1, as it relates to termination of employees who have filed for workers' compensation benefits.
Section 25-5-11.1 provides:
"No employee shall be terminated by an employer solely because the employee has instituted or maintained any action against the employer to recover workers' compensation benefits under this chapter or solely because the employee has filed a written notice of violation of a safety rule pursuant to subdivision (c)(4) of Section 25-5-11."
(Emphasis added.)
I agree with the majority: (1) that the Legislature, by adopting this statute in 1984,[2] *564 intended to prohibit employers from terminating employees in retaliation for their decision to file a claim for workers' compensation benefits; (2) that this Court has held that in order for the beneficent goals of the workers' compensation chapter to be realized, the employee must be able to exercise his right to be compensated for work-related injuries in an unfettered fashion, without being subject to reprisal;[3] and (3) that this statute is remedial legislation and is intended to prevent an employee's termination solely because the employee has instituted or maintained an action against the employer to recover workers' compensation benefits, and should, therefore, be construed liberally to effect its purposes.[4]
I cannot agree, however, with the majority's holding that the words "filed a written notice of violation of a safety rule" includes the making of oral complaints, however numerous. The statute is very specific in using the words, "filed a written notice of violation of a safety rule." The notice must be "filed" and it must be "written." I think this is especially significant, in view of the fact that the law in Alabama, when this statute was adopted, was that an employment contract was generally terminable at will by either party, with or without cause or justification for a good reason, a bad reason, or no reason at all. Now, with regard to dismissals based on the filing of workers' compensation claims, the Legislature has carved out an exception to this general rule. Culbreth v. Woodham Plumbing Co., 599 So.2d 1120 (Ala.1992).
Unquestionably, the purpose of the statute was to change this common law rule that exempted employers from liability for wrongful termination, which the Legislature had a right to do, but I do not believe the Legislature intended the words "filed a written notice" to include making an oral complaint. Because of my disagreement about the Legislature's intent, I must respectfully dissent.
HOUSTON, Justice (dissenting).
Is there substantial evidence that Timothy Morgan filed a "written notice of violation of a safety rule pursuant to subdivision (c)(4) of Section 25-5-11"? If you read (c)(4) of § 25-5-11 and the testimony in this case, you must conclude that there is no evidence that Morgan filed a written notice of violation of a safety rule pursuant to subdivision (c)(4) of § 25-5-11. Therefore, the majority opinion is creating a judicial exception to the employee-at-will doctrine, under the guise of statutory construction. If the statute (§ 25-5-11.1) provided "or solely because the employee filed notice of violation of a safety rule" (which it does not), then I would concur with the majority insofar as Northeast Alabama Regional Medical Center, Morgan's employer, is concerned. However, I could not reverse the summary judgment for the defendants Larry Zaner and Dan Morrison, who are co-employees of Morgan's, for there is no evidence that a notice was filed pursuant to Ala.Code 1975, § 25-5-11(c)(4), and that is the only way, under the allegations of the complaint in this case, that Morgan's co-employees would be liable.
The trial court did not err; therefore, I dissent.
NOTES
[1] After beginning an investigation, OSHA concluded that it did not have jurisdiction over the hospital, so it discontinued the investigation.
[2] Ala. Acts 1984, 2d Ex.Sess., Act No. 85-41, p. 44, § 11.
[3] McClain v. Birmingham Coca-Cola Bottling Co., 578 So.2d 1299 (Ala.1991).
[4] Twilley v. Daubert Coated Products, Inc., 536 So.2d 1364 (Ala.1988).