ROBERTSON, Presiding Judge.
On October 4, 1994, Stacey Langford sued his former employer, Tyson Foods, Inc., alleging that on February 5, 1993, he had sustained an injury arising out of and in the course of his employment with Tyson and that on April 7, 1994, Tyson had wrongfully terminated his employment. Langford alleged that Tyson terminated him in retaliation for his filing a claim for workers’ compensation benefits and that as a result of the wrongful termination he lost wages and employee benefits and suffered severe emotional distress. Langford sought damages, interest, and costs. Langford requested a jury trial.
On November 4, 1994, Tyson answered, stating that Langford had been terminated for violating company attendance rules. On April 7, 1995, Tyson filed a motion for summary judgment, a narrative summary of the facts, the affidavit of Jeannie Reaves, and other supporting documents. On April 11, 1995, the trial court scheduled a hearing on Tyson’s motion for May 9, 1995. On April 26, 1995, Langford filed a motion to continue the hearing, which the trial court denied on May 4,1995.
On May 8, 1995, Langford filed his own affidavit, his deposition testimony, the affidavit of Mareie Gray, and other documents in opposition to Tyson’s motion. Langford also filed a motion to strike the affidavit of Jeannie Reaves, claiming that the affidavit contained inadmissible hearsay. Langford also filed a renewed motion for a continuance, along with an affidavit of his attorney, and a brief in opposition to Tyson’s motion for summary judgment. That same day, Tyson filed a motion to strike Langford and Mareie Gray’s affidavits.
On October 25, 1995, the trial court entered an order granting Langford and Tyson’s motions to strike, striking any portion of the affidavits that contradicted previously sworn testimony and any statements that constituted hearsay. The trial court also entered a judgment, stating, in pertinent part:
“[Tyson] has presented a prima facie showing that [Langford] was terminated from its employment for a legitimate reason. [Langford] has failed to rebut that showing by presenting sufficient evidence that [Tyson’s] reason for termination was a mere pretext for an otherwise impermissible termination.
“The Court finds that there is no genuine issue as to any material fact in this ease and that [Tyson] is entitled to a judgment as a matter of law.
“It is therefore ORDERED, ADJUDGED AND DECREED that [Tyson’s] Motion for Summary Judgment is hereby GRANTED and judgment is hereby entered in favor of [Tyson] [and] against [Langford].”
Langford appealed to the Alabama Supreme Court, which transferred the appeal to this court pursuant to § 12-2-7, Ala.Code 1975. Langford raises two issues on appeal: (1) whether the trial court abused its discretion by granting Tyson’s motion for summary judgment, and (2) whether the trial court abused its discretion by denying his motion for a continuance. We find Langford’s first issue to be dispositive.
The record reveals the following facts. During Langford’s employment with Tyson, Tyson had an “Attendance Award Program” policy. When a new employee was hired by Tyson, he or she “[underwent] a two-month probationary period,” and if the employee successfully completed the probationary period, he or she was awarded 60 attendance bonus points. Thereafter, an employee gained or lost points based upon his or her attendance, absenteeism, or tardiness. An *1126 employee with perfect attendance and no tardiness for a one-month period would receive 5 bonus points, and if an employee worked two consecutive months with perfect attendance and no tardiness, he or she received 10 bonus points. If an employee was late to work, four points were deducted from his total attendance points, and if the employee was late as much as one-half day, eight points would be deducted from the employee’s total points. An unexcused absence of one day resulted in the deduction of 10 points from the employee’s total attendance points. An employee would automatically be terminated if he or she received three “decision-making leaves” (DML) within a 12-month period. A DML is given when an employee’s total attendance points drops “to between 10 points and 1 point(s)”; “A DML gives the [employee] the option to take no days to a maximum of three (3) days without pay to evaluate their attendance and commitment to their job.” However, if an employee was absent from work because of an on-the-job injury, points would not be deducted from his or her total attendance points.
Langford sustained an on-the-job shoulder injury on February 5, 1993, for which he received workers’ compensation benefits. Langford’s injury required surgery, and he returned to light duty work on March 21, 1994. Thereafter, Langford filed an action against Tyson, seeking workers’ compensation benefits.
Our supreme court has held:
“A summary judgment is appropriate when there is no genuine issue of material fact and the moving party is entitled to a judgment as a matter of law. Rule 56(c), Ala.R.Civ.P. Once the moving party makes such a prima facie showing, the burden shifts to the non-movant to present substantial evidence creating a genuine issue of material fact. Ala.R.Civ.P. 56(e); Ala. Code 1975, § 12-21-12; Specialty Container Mfg., Inc. v. Rusken Packaging, Inc., 572 So.2d 403 (Ala.1990).
“Ala.Code 1975, § 25-5-11.1, states:
“ ‘No employee shall be terminated by an employer solely because the employee has instituted or maintained any action against the employer to recover workers’ compensation benefits under this chapter.’
“In regard to actions brought under § 25-5-11.1, this Court has held:
“ ‘[A]n employee may establish a prima facie case of retaliatory discharge by proving that he was “terminated” because he sought to recover workers’ compensation benefits, which would be an impermissible reason. The burden would then shift to the defendant employer to come forward with evidence that the employee was terminated for a legitimate reason, whereupon the employee must prove that the reason [given by the employer] was not rue but a pretext for an otherwise impermissible reason.’
Twilley v. Daubert Coated Products, Inc., 536 So.2d 1364, 1369 (Ala.1988); see also Culbreth v. Woodham Plumbing Co., 599 So.2d 1120,1122 (Ala.1992).
“In the context of a summary judgment motion by a defendant in a retaliatory discharge action, this Court has said:
“‘[I]f the defendant has supported a summary judgment motion with evidence of a legitimate reason for terminating the plaintiff, the plaintiff must then refute that showing with his own prima facie case; of course, the plaintiff has no burden to produce evidence before trial until the defendant has made and properly supported a motion for summary judgment. If the defendant’s showing of a legitimate reason is conclusive enough to establish that “there is no genuine question as to [that] material fact and that the moving party is entitled to a judgment as a matter of law,” Rule 56(e), Ala.R.Civ.P., the plaintiff would also have to produce evidence to refute that showing.’
“Culbreth, 599 So.2d at 1122.”
Overton v. Amerex Corp., 642 So.2d 450, 452 (Ala.1994) (quoting Graham v. Shoals Distributing, Inc., 630 So.2d 417, 418 (Ala.1993)).
Langford contends that he presented substantial evidence that the reason given by Tyson for his termination was a pretext and that his termination was impermissible under § 25-5-11.1.
Tyson presented evidence showing that Langford’s termination was the result of *1127 Langford’s receiving three DMLs within a 12-month period. Jeannie Reaves, a Tyson employee in charge of personnel, workers’ compensation, and insurance files, stated in her affidavit that Langford had received DMLs for March 31, April 1, and April 4, 1994, which, pursuant to company policy, resulted in Langford’s automatic termination. This shifted the burden to Langford, who presented undisputed evidence that on March 29, 1994, he had requested Reaves to arrange for a doctor’s appointment before his scheduled appointment on April 14, 1994; that Reaves had arranged for him to see his doctor on April 6,1994; and that Reaves had given him permission to be absent from work until he saw his doctor, because Tyson did not want Langford to further injure himself. Langford also presented evidence that he had given Tyson a doctor’s excuse for his absences from work for the period of March 29 through April 6,1994.
Based upon the record evidence, we conclude that Langford presented substantial evidence creating a genuine issue of material fact as to whether the reason offered by Tyson for his termination was a pretext for an impermissible termination. Overton, supra. The judgment of the trial court is reversed and the cause is remanded for further proceedings.
REVERSED AND REMANDED.
YATES and CRAWLEY, JJ., concur.