RICHARD L. HOLMES, Retired Appellate Judge.
This is a retaliatory discharge case.
On April 15, 1993, Stanley E. Golson sustained multiple injuries when a Coca-Cola machine fell on him while he was working in the line and scope of his employment with Coca-Cola Bottling Company, Ltd. (employer).
On April 21,1994, Golson filed a complaint, seeking workers’ compensation benefits for his injuries. On July 27,1994, approximately three months later, the employer terminated Golson’s employment.
On August 16, 1994, Golson filed an amended complaint, alleging that he was discharged from his employment in retaliation for having filed a workers’ compensation claim.
On February 6, 1995, the employer filed a motion for a summary judgment, along with the affidavits of Harold Hatchett, Cliff Ayers, and Eddie Swindall. The employer also filed other documents in support of its motion. On April 18, 1995, Golson filed his affidavit, his deposition testimony, the affidavits of Harold Hatchett and Jenice Howell, and other *305 documents in opposition to the employer’s motion.
On June 12,1995, Golson and the employer entered into a workers’ compensation settlement agreement, whereby the employer paid Golson a lump sum amount of $15,000 in return for Golson’s release of all present and future claims against the employer arising out of his injury. The parties expressly agreed that Golson’s pending retaliatory discharge claim would not be released by the agreement. The trial court approved the settlement agreement.
We would note that in previous cases decided by our supreme court, retaliatory discharge claims have been dismissed on the grounds that the claims were barred by a prior workers’ compensation settlement agreement, whereby the employee released any and all claims against the employer arising out of a work-related injury to the employee. See Gates Rubber Co. v. Cantrell, 678 So.2d 754 (Ala.1996). In Gates, the supreme court specifically held that it was permissive to preserve, in the workers’ compensation settlement agreement, the retaliatory discharge claim. In this case, the language of the workers’ compensation settlement agreement does expressly preserve Golson’s pending claim for retaliatory discharge.
On June 19, 1995, the trial court granted the employer’s summary judgment motion on Golson’s retaliatory discharge claim.
Golson appeals.
At the outset we note that the general rule under Alabama law is that an employee may be discharged from his employment, with or without cause or justification, for a good reason, a wrong reason, or no reason at all. Culbreth v. Woodham Plumbing Co., 599 So.2d 1120 (Ala.1992). Section 25-5-11.1, Ala.Code 1975, provides an exception to this general rule and states the following: “No employee shall be terminated by an employer solely because the employee has instituted or maintained any action against the employer to recover workers’ compensation benefits_” See McClain v. Birmingham Coca-Cola Bottling Co., 578 So.2d 1299 (Ala.1991).
Rule 56(c)(3), Ala.R.Civ.P., provides that a summary judgment is appropriate in situations where there exists no genuine issue of any material fact and the movant is entitled to a judgment as a matter of law. It is well settled that all reasonable uncertainties regarding the existence of a genuine issue of a material fact must be resolved against the moving party. Porter v. Fisher, 686 So.2d 682 (Ala.Civ.App.1994).
Further, our supreme court has stated the following in Twilley v. Daubert Coated Products, Inc., 536 So.2d 1364, 1369 (Ala.1988):
‘We hold that an employee may establish a prima facie case of retaliatory discharge by proving that he was ‘terminated’ because he sought to recover worker’s compensation benefits, which would be an impermissible reason. The burden would then shift to the defendant employer to come forward with evidence that the employee was terminated for a legitimate reason, whereupon the plaintiff must prove that the reason was not true but a pretext for an otherwise impermissible termination.”
On appeal Golson contends that he presented substantial evidence that the reasons proffered by the employer for his termination were not true, but were merely a pretext for an otherwise impermissible termination.
Our review of the record reveals the following: The affidavits provided by the employer indicate that Golson’s employment was terminated because of his inferior work and for his disregard of his supervisor’s instructions. Hatchett, Golson’s supervisor, testified that Golson fell asleep during his work assignments, used the phone excessively, sat down more than he worked, did not complete assignments, disappeared from his work area, took prolonged breaks, and used the restroom excessively. Hatchett testified that Golson’s actions were having a negative effect on other employees. Hatchett further testified that Golson performed light duties, such as sweeping, which were consistent with the restrictions provided by Golson’s doctor.
*306 Golson’s testimony indicates that he sustained an on-the-job injury in April 1993. He underwent knee surgery and returned to work in June 1993. In April 1994 he filed a complaint, seeking workers’ compensation benefits. His employment was terminated in July 1994.
Golson stated that his employer told him that “[he] was not going to get any better and since [he] did not want to work, ... [he] was being terminated.” Golson stated that between April 1994 and July 1994, when his employment was terminated, negative written statements regarding his work performance began appearing in his personnel file. Golson stated that he was never given copies of these reports, nor was he ever disciplined as a result thereof.
Golson presented his performance evaluations from August 1993 and February 1994. Both evaluations were written by Harold Hatchett, Golson’s supervisor, and indicated that Golson was doing a good job. Each evaluation written by Hatchett recommended that Golson receive a pay increase. On the February 1994 evaluation, Hatchett gave Golson a rating of “2” for attendance, which indicated that his absences and tardiness were below standard. However, Golson testified that his excessive absences were due to the prior surgery on his knee.
Golson provided a memorandum written by his doctor, which stated the following: “This patient has been advised to do no lifting more than 15 lbs., no squatting, bending, or prolonged standing_” Golson testified that when he returned to work, his supervisor directed him to perform various tasks that were contrary to the doctor’s restrictions. These tasks included washing company cars and vans, which required prolonged standing, stooping, and bending, and sweeping large areas, which required prolonged standing. Golson testified that he performed these tasks, even though he was in pain, in order to satisfy his supervisor. Golson further testified that while performing these tasks, he was often harassed and ridiculed by his supervisor.
Golson also presented the affidavit of Jen-iee Howell, a former employee of Coca-Cola. Ms. Howell stated that she, too, sustained an on-the-job injury while working with the same employer. She stated that she filed a workers’ compensation claim and that her employment was terminated shortly thereafter. Howell stated that she felt her employment was terminated because she filed the workers’ compensation claim.
The employer contends that Howell’s affidavit is conclusory, is based upon speculation, and is, therefore, inadmissible. However, we find no reason why Howell’s affidavit cannot be considered for summary judgment purposes, especially since the employer did not file a motion to strike the affidavit. In fact, in Perry v. Mobile County, 533 So.2d 602, 604-05 (Ala.1988), our supreme court adopted the following language from Charles A. Wright, Arthur R. Miller, & Mary Kay Kane, Federal Practice and Procedure: Civil 2d § 2738 (1983): “ ‘A party must move to strike an affidavit that violates Rule 56(e); if he fails to do so, ... the court may consider the defective affidavit.’ ”
Based on our review of the record, we conclude that there existed a genuine issue of a material fact as to whether the reasons offered by the employer for terminating Gol-son’s employment were merely a pretext for an otherwise impermissible termination. Twilley, supra. See, e.g., Langford v. Tyson Foods, Inc., 678 So.2d 1124 (Ala.Civ.App.1996).
In light of the above, the judgment of the learned and distinguished trial judge is due to be reversed and the case remanded to the trial court for proceedings consistent with this opinion.
The foregoing opinion was prepared by Retired Appellate Judge RICHARD L. HOLMES while serving on active duty status as a judge of this court under the provisions of Ala.Code 1975, § 12-18-10(e).
REVERSED AND REMANDED.
ROBERTSON, P.J., and YATES and CRAWLEY, JJ„ concur.