G.UB.MK. Constructors appeals from a jury verdict for plaintiff Robert Dale Carson in a workers' compensation/retaliatory discharge case, filed pursuant to § 25-5-11.1, Code of Ala. 1975. The jury awarded Carson compensatory damages in the amount of $50,000 and punitive damages in the amount of $300,000. We reverse and render.
G.UB.MK. Constructors is a construction firm that is responsible for some of the maintenance, modification and retrofit work for the Tennessee Valley Authority at its Colbert Steam Plant. Carson began working for G.UB.MK. Constructors in 1992 as a pipe fitter with the special designation of union job steward for Local 760 of the United Association of Plumbers and Pipe Fitters. He was referred by his union for work at the Colbert Steam Plant in December, 1995.
On April 8, 1996, Carson suffered an on-the-job injury while lifting a piece of equipment known as a sight glass. While lifting this equipment, he fell forward a few steps, *Page 1177 
injuring his right hip and upper leg. The morning after the accident, Carson was seen by G.UB.MK.'s designated doctor for an examination and treatment of his injury. Carson was placed on light duty for the next three days.
On May 17, 1996, Carson was furloughed, because of lack of work. In May, 1996, two pipe fitters were called back to work at G.UB.MK. into positions for which Carson claims he was qualified. On June 10, 1996, Carson was laid off from furlough due to a reduction in force when the project work came to an end.
On April 7, 1998, Carson filed suit seeking workers' compensation benefits for his on-the-job injury and alleging retaliatory discharge in violation of § 25-5-11.1, Code of Ala. 1975. As a basis for his wrongful termination claim, Carson alleged that he was put on furlough and then laid off from furlough while there was still work to be done on the project and that in retaliation for his making a workers' compensation claim, he was not called back to work. He alleged that this was a result of G.UB.MK.'s "unwritten policy" by which the company did not return to work those workers who had pending workers' compensation claims. The trial court severed the two claims, and the retaliatory discharge claim proceeded to trial. The jury found in favor of Carson and G.UB.MK appealed.
G.UB.MK. argues that Carson failed to prove by substantial evidence that he is entitled to recover on his claim of retaliatory discharge and, therefore, that the trial judge erred to reversal in refusing to grant the company's motion for judgment as a matter of law. The standard of review is as follows:
 "In reviewing the denial of these motions, we are bound by the same standard as the trial court; that is, we must determine whether the party with the burden of proof produced sufficient evidence to require a jury determination of the issues presented. Continental Eagle Corp. v. Mokrzycki, 611 So.2d 313
(Ala. 1992). Addition-ally, we must view all the evidence in a light most favorable to the nonmovant and must entertain such reasonable inferences as the jury would have been free to draw. Continental Eagle Corp., at 316."
Gold Kist, Inc. v. Griffin, 657 So.2d 826, 828 (Ala. 1994). The substantial evidence rule requires that the nonmovant must present "substantial evidence" supporting each element of his cause of action.Kent Corp. v. Hale, 699 So.2d 954, 958 (Ala. 1997), citing Hosea O.Weaver Sons, Inc. v. Towner, 663 So.2d 892 (Ala. 1995). "Substantial evidence" is defined as "evidence of such weight and quality that fair-minded persons in the exercise of impartial judgment can reasonably infer the existence of the fact sought to be proved." Id., citing Westv. Founders Life Assurance Co. of Florida, 547 So.2d 870, 871 (Ala. 1989).
Alabama law protects employees who have "instituted or maintained any action against the employer to recover workers' compensation benefits." § 25-5-11.1. "In order to establish a prima facie case of retaliatory discharge, the plaintiff must present substantial evidence that he was terminated solely for seeking workers' compensation benefits." KentCorp., 699 So.2d at 958, citing Keystone Foods Corp. v. Meeks,662 So.2d 235 (Ala. 1995).
Here, the evidence reflects that Carson was furloughed and then laid off along with the rest of the work crew in accordance with a typical reduction in force. Once Carson was laid off, only the union had the power to refer him for employment by G.UB.MK. It is undisputed *Page 1178 
that his union did not refer him back to G.UB.MK.:
 "Q. [Mr. Riley, counsel for G.UB.MK.] After June 10, 1996, when you were laid off, did you report back to your union, get on the off-work list?
"A. [Mr. Carson] Yes.
 "Q. And, after you did that, who decides when you go out or are sent out on jobs?
"A. Who decides?
"Q. Yes, Sir.
"A. It's decided by an out-of-work list.
 "Q. It's decided by your union and under your union rules; is that correct?
"A. Yes.
 "Q. Okay. Now, for example, if you are already out on a job and a request comes in say from G.UB.MK. for pipe fitters, welders or whatever and you're not there, obviously they can't send you out, can they?
"A. Well, they can get in touch with you.
"Q. The union can?
"A. Yes.
"Q. G.UB.MK. cannot?
"A. No.
 "Q. So after you were laid off June 10, 1996, it was completely up to the union based upon who was available, their rules and their procedures what jobs you were sent out on?
"A. Right.
". . . .
 "Q. Okay. You said 14 people were called back out or were referred out. Were those people sent under the process you told the jury about a moment ago; that is, somebody requests workers and the union decides who they send out?
"A. Yes.
"Q. Okay. So all 14 of those were sent out by the union?
"A. Yes."
Carson was effectively terminated when he was laid off in accordance with the reduction in force. Even if the union's failure to send him out for further employment by G.UB.MK. resulted from some action of G.UB.MK., that action cannot be properly categorized as a termination of employment under § 25-5-11.1.
We conclude that Carson did not present substantial evidence to support a finding of each element of his claim of retaliatory discharge. The evidence presented to support Carson's allegations that he was terminated for filing a workers' compensation claim was not "evidence of such weight and quality that fair-minded persons in the exercise of impartial judgment [could] reasonably infer" that Carson had been terminated. KentCorp. v. Hale, supra, citing West v. Founders Life Assurance Co. ofFlorida, supra.
The judgment is reversed and a judgment is rendered for the defendant G.UB.MK.[1]
REVERSED AND JUDGMENT RENDERED.
Houston, See, Lyons, Brown, Harwood, and Stuart, JJ., concur.
Moore, C.J., dissents.
[1] Other issues have been raised by G.UB.MK., but given our holding that Carson did not present substantial evidence to support his claim of retaliatory discharge, we need not discuss those issues.