The majority has employed the plain-meaning rule of statutory construction so as to defeat the obvious purpose of § 7-2-306(1), Ala. Code 1975. In doing so, it has ignored another fundamental rule of statutory construction:
 "A literal interpretation of a statute will not be blindly adopted when it would defeat the purpose of the statute, if any other reasonable construction can be given to the language in dispute. Burton Manufacturing Co. v. State, 469 So.2d 620 (Ala.Civ.App. 1985)."
McClain v. Birmingham Coca-Cola Bottling Co., 578 So.2d 1299, 1301 (Ala. 1991).
One obvious purpose of § 7-2-306(1) is to treat a requirements contract differently than a contract to purchase a specific quantity of goods. However, under the majority's interpretation of that section, *Page 205 
Simcala is required to pay to ACT the latter's anticipated profits on the entire quantity of coal, which the purchase order clearly indicated was only "an approximate quantity and to be shipped as required." Not only is that holding inconsistent with the purpose of the statute, it is also inconsistent with the majority's own conclusion that Simcala's purchase of some lesser amount "not unreasonably disproportionate to its stated estimate" would not be actionable.
It is presumptuous for the majority to conclude that "[t]he plain language of § 7-2-306(1) admits of only one interpretation — that both unreasonably disproportionate increases and reductions in estimates are forbidden." In fact, there is another reasonable construction that can be given to the language in dispute, one that would be more consistent with the obvious purpose of the statute. Indeed, as the majority points out, most of the federal and state courts that have addressed the relevant question "have resolved this issue in favor of the party in Simcala's position, holding that unreasonably disproportionate decreases are permissible so long as the buyer has acted in good faith, but that unreasonably disproportionate increases are impermissible." I would adopt this more reasonable construction, and would hold that the trial court's finding that Simcala acted in good faith in ordering the coal it required precludes any recovery by ACT. Therefore, I respectfully dissent.
Stuart, J., concurs.