The Madison Circuit Court denied the motion, filed by Hexcel Decatur, Inc., to dismiss Terry Vickers's retaliatory-discharge claim. Pursuant to Rule 5, Ala. R.App. P., Hexcel Decatur petitioned this Court for permission to appeal the trial court's interlocutory order. We granted that petition, and we affirm the order of the trial court.
 I. Facts and Procedural History
On November 6, 2002, while he was employed by Hexcel Decatur, Vickers was injured walking down a flight of stairs on the job. Eight days after the injury, on November 14, 2002, Hexcel Decatur terminated Vickers's employment. On December 23, 2003, a little over one year after his employment was terminated, Vickers filed a complaint in the Madison Circuit Court seeking benefits under Alabama's Workers' Compensation Act, § 25-5-1 et seq., Ala. Code 1975. In an amended complaint, Vickers also claimed that Hexcel Decatur terminated his employment solely because he had made a claim for workers' compensation benefits, a violation of §25-5-11.1, Ala. Code 1975 ("No employee shall be terminated by an employer solely because the employee has instituted or maintained any action against the employer to recover workers' compensation benefits. . . .").
In a motion to dismiss filed pursuant to Rule 12(b)(6), Ala. R. Civ. P.,[1] Hexcel Decatur argued that because Vickers did not commence a civil action to recover his workers' compensation benefits until over one year after his employment was terminated, his employment could not possibly *Page 239 
have been terminated solely because he "instituted or maintained any action against [Hexcel Decatur] to recover workers' compensation benefits." § 25-5-11.1 (emphasis added). In response, Vickers argued that the commencement of a civil action before one's employment is terminated is not a prerequisite to a retaliatory-discharge action under § 25-5-11.1. Rather, he argued, only a claim for benefits need be made before the employment is terminated in order for a former employee to maintain a retaliatory-discharge action. The trial court denied Hexcel Decatur's motion, but certified that the motion presented a question of law as to which there is substantial ground for a difference of opinion, i.e., the meaning of the term "action" as it is used in § 25-5-11.1.[2]
 II. Standard of Review
In Nance v. Matthews, 622 So.2d 297, 299 (Ala. 1993), this Court set forth the standard of review of a ruling on a Rule 12(b)(6) motion to dismiss:
 "The appropriate standard of review under Rule 12(b)(6)[, Ala. R. Civ. P.,] is whether, when the allegations of the complaint are viewed most strongly in the pleader's favor, it appears that the pleader could prove any set of circumstances that would entitle her to relief. Raley v. Citibanc of Alabama/Andalusia, 474 So.2d 640, 641 (Ala. 1985); Hill v. Falletta, 589 So.2d 746 (Ala.Civ.App. 1991). In making this determination, this Court does not consider whether the plaintiff will ultimately prevail, but only whether she may possibly prevail. Fontenot v. Bramlett, 470 So.2d 669, 671 (Ala. 1985); Rice v. United Ins. Co. of America, 465 So.2d 1100, 1101 (Ala. 1984). We note that a Rule 12(b)(6) dismissal is proper only when it appears beyond doubt that the plaintiff can prove no set of facts in support of the claim that would entitle the plaintiff to relief."
Further, "[t]his Court reviews de novo a trial court's interpretation of a statute, because only a question of law is presented." Scott Bridge Co. v. Wright, 883 So.2d 1221, 1223
(Ala. 2003).
 III. Analysis A.
Our discussion of the meaning of § 25-5-11.1 must begin withMeeks v. Opp Cotton Mills, Inc., 459 So.2d 814 (Ala. 1984), in which the plaintiff asked this Court to modify the employee-at-will doctrine[3] to permit him to sue his former employer for dismissing him because he had filed a workers' compensation claim.[4] *Page 240 
The Court in Meeks declined to create an exception to the employee-at-will doctrine and noted that, in the wake of its decision in Bender Ship Repair, Inc. v. Stevens, 379 So.2d 594
(Ala. 1980), the Legislature had enacted § 12-16-8.1, Ala. Code 1975, to prohibit an employer from discharging an employee for serving on a jury and to provide an employee so discharged with an action for damages. The Court then concluded that "[n]othing in the record before [the Court] persuade[d it] to deviate from the steadfastly followed rule that an employee at will may be discharged for no reason or any reason, including a `wrong' reason." Meeks, 459 So.2d at 814.
This Court denied rehearing in Meeks on November 9, 1984. Less than three months later, the Legislature accepted theMeeks Court's thinly veiled invitation to modify the employee-at-will doctrine by enacting § 25-5-11.1, which states that "[n]o employee shall be terminated by an employer solely because the employee has instituted or maintained any action against the employer to recover workers' compensation benefits. . . ." In McClain v. Birmingham Coca-Cola Bottling Co.,578 So.2d 1299 (Ala. 1991), this Court refused to interpret the term "action" as used in § 25-5-11.1 to mean only a judicial proceeding, as opposed to some less formal demand for benefits, and held that an employee could maintain a retaliatory-discharge action against an employer even if the employer terminated the employee before the employee went so far as to commence a civil action seeking benefits.
 B.
Hexcel Decatur argues that the plain meaning of § 25-5-11.1
requires the commencement of a civil action as a prerequisite to a retaliatory-discharge claim. Hexcel Decatur therefore invites us to revisit McClain and to conclude that there is only one rational way to define the term "action" as used in § 25-5-11.1. Vickers urges the wisdom of the McClain Court. A determination of whether McClain was correctly decided is not required in order to dispose of this appeal. The opinion in McClain was released on April 26, 1991. In May 1992, just over one year later, the Legislature enacted major revisions to the Workers' Compensation Law. In an act intended "[t]o revise the Alabama Workmen's Compensation Law," Synopsis to Act No. 92-537, Ala. Acts 1992, the Legislature amended 34 sections of the Workers' Compensation Act, added 15 sections, and repealed 31. The Legislature made further changes to the Act in 1993, 1995, and 1996. However, the Legislature has not amended § 25-5-11.1 to correct the interpretation given that section in McClain. Thus, regardless of how this Court might today decide this question if writing on a clean slate, we are not doing so and we must now decide this question in light of McClain and the subsequent inaction of the Legislature.
Overruling McClain in the face of this legislative history would violate the rule that "[t]he Legislature, when it enacts legislation, is presumed to have knowledge of existing law and of the judicial construction of existing statutes." MobileInfirmary Med. Ctr. v. Hodgen, 884 So.2d 801, 814 (Ala. 2003). See also Ex parte Drummond Co., 837 So.2d 831, 835 n. 9 (Ala. *Page 241 
2002) ("In 1968, this Court adopted the Bell[v. Driskill,282 Ala. 640, 213 So.2d 806 (1968)] test. The Legislature has had more than 30 years to overrule or modify that decision; it has chosen not to do so. Moreover, in those 30 years, the Legislature has amended the Workers' Compensation Act. `"[W]hen the legislature readopts a code section, or incorporates it into a subsequent Code, prior decisions of this court permeate the statute, and it is presumed that the legislature deliberately adopted the statute with knowledge of this court's interpretation thereof."'" (quoting Jones v. Conradi, 673 So.2d 389, 392 (Ala. 1995), quoting in turn Edgehill Corp. v. Hutchens,282 Ala. 492, 495-96, 213 So.2d 225, 227-28 (1968))); Ex parteHealthSouth Corp., 851 So.2d 33, 41-42 (Ala. 2002) ("Presumably, when the Legislature reenacts or amends a statute without altering language that has been judicially interpreted, it adopts a particular judicial construction."). Had the Legislature disagreed with the interpretation of § 25-5-11.1 given by this Court in McClain, it could have easily amended § 25-5-11.1 in 1992, 1993, 1995, or 1996 when it changed, added, or repealed no less than 90 other sections of the Workers' Compensation Act. The Legislature has acquiesced in the holding of McClain, and to overrule that case now would be to disregard the doctrine of stare decisis.
 C.
We note that we are not here concerned with a constitutional issue, but rather a statute whose meaning has been settled by caselaw. When revisiting this Court's interpretation of a statute, we will afford greater deference to the doctrine of stare decisis than we would if asked to revisit an interpretation of a constitutional provision. In Exxon Corp. v. Department ofConservation Natural Resources, 859 So.2d 1096, 1102 (Ala. 2002), we recognized the strong role stare decisis plays in nonconstitutional jurisprudence:
 "Exxon faces the formidable hurdle of stare decisis in its effort to obtain what might, even under Sharp [Electronics Corp. v. Shaw, 524 So.2d 586
(Ala. 1987)], be at best a jury determination on the [statute-of-]limitations defense. We note at the outset that we are not here dealing with a constitutional issue where the doctrine of stare decisis is often given diminished deference. See, e.g., Marsh v. Green, 782 So.2d 223, 232 (Ala. 2000). As Justice Somerville observed in his dissent in Bolden v. Sloss-Sheffield Steel Iron Co., 215 Ala. 334, 340, 110 So. 574, 580 (1925), `The doctrine of stare decisis, though not without its limitations, is the only thing that gives form, and consistency, and stability to the body of the law. Its structural foundations, at least, ought not to be changed except for the weightiest reasons.'"
When construing federal statutes, the United States Supreme Court has recognized that the doctrine of stare decisis has its greatest potency in matters of statutory interpretation, because Congress is always free to supersede judicial interpretation with new legislation. See Hilton v. South Carolina Pub. Rys. Comm'n,502 U.S. 197, 202, 112 S.Ct. 560, 116 L.Ed.2d 560 (1991). Hexcel Decatur argues that "this Court should not stay its hand from . . . holding [that the retaliatory-discharge statute expressly requires the existence of a workers' compensation action] simply because prior opinions were decided in contravention of the express statutory language." But even assuming that McClain was incorrectly decided, a question we do not reach, a contention similar to the one Hexcel Decatur now makes was rejected by Justice Stevens in his special writing in Hibbs v. Winn,542 U.S. 88, ___, 124 S.Ct. 2276, 2292, 159 L.Ed.2d 172 (2004):
 "In Part IV of his dissent, Justice Kennedy observes that `years of unexamined *Page 242 
habit by litigants and the courts' do not lessen this Court's obligation correctly to interpret a statute. Post, at 2300. It merits emphasis, however, that prolonged congressional silence in response to a settled interpretation of a federal statute provides powerful support for maintaining the status quo. In statutory matters, judicial restraint strongly counsels waiting for Congress to take the initiative in modifying rules on which judges and litigants have relied. In a contest between the dictionary and the doctrine of stare decisis, the latter clearly wins.
The Court's fine opinion, which I join without reservation, is consistent with these views."
(Emphasis added; citations omitted.) See also Ex parte James,836 So.2d 813, 834 (Ala. 2002) ("[L]ike the United States Supreme Court's duty with regard to the federal constitution, our status as final arbiter imputes to us a particularly important duty with regard to the Alabama Constitution, because while our interpretations of statutes can be, in a sense, `overruled' by subsequent legislative enactment, our interpretations of the Alabama Constitution are beyond legislative alteration.").
The meaning of § 25-5-11.1 is now well settled.[5] We will not now reinterpret that section. "Stare decisis should be made of sterner stuff than the mere fabric of this year's fashion." Lowman v. Piedmont Exec. Shirt Mfg. Co.,547 So.2d 90, 96 (Ala. 1989) (Houston, J., concurring in part and dissenting in part).
 IV. Conclusion
Section 25-5-11.1, as construed in McClain, does not require the formal commencement of a specific form of civil action, i.e., one seeking the recovery of workers' compensation benefits, as a prerequisite to recovery for retaliatory discharge. Even assuming that this Court's interpretation in McClain of the term "action" as that term is used in § 25-5-11.1 was incorrect, overruling McClain today would ignore settled principles of stare decisis particularly applicable to this question of statutory construction. In other words, "[i]n a contest between the dictionary and the doctrine of stare decisis, the latter clearly wins." Hibbs, 542 U.S. at ___, 124 S.Ct. at 2292. The order denying Hexcel Decatur's motion to dismiss is affirmed.
AFFIRMED.
NABERS, C.J., and SEE, HARWOOD, WOODALL, STUART, SMITH, BOLIN, and PARKER, JJ., concur.
[1] Although the trial court considered evidentiary materials submitted by Vickers over its objection, Hexcel Decatur does not here contend that the trial court erred in not treating its motion as a motion for a summary judgment. Hexcel Decatur also does not argue that Vickers failed to establish that he filed a claim for workers' compensation benefits, as alleged in his complaint. For purposes of this proceeding, we therefore construe the allegations of the complaint in favor of Vickers, thereby finding for purposes of resolution of this appeal only that Vickers filed a claim for workers' compensation benefits.
[2] In Tyson Foods, Inc. v. McCollum, 881 So.2d 976, 982
(Ala. 2003), a retaliatory-discharge case, this Court stated that "`[a]ction' in its legal sense `means a lawsuit brought in a court; a formal complaint within the jurisdiction of a court of law.'" (quoting Black's Law Dictionary 28 (6th ed. 1990)). Because neither party in Tyson asked us to overrule McClain v.Birmingham Coca-Cola Bottling Co., 578 So.2d 1299 (Ala. 1991), in which this Court permitted an employee to sue his employer alleging retaliatory discharge even though the employee had been fired before commencing a civil action seeking workers' compensation benefits, we refused to revisit the Court's holding in McClain. In the instant case, Hexcel Decatur requests that we now revisit that holding.
[3] The employee-at-will doctrine "provides that an employment contract terminable at the will of either the employer or the employee may be terminated by either party at any time with or without cause." McClain v. Birmingham Coca-Cola Bottling Co.,578 So.2d 1299, 1300 (Ala. 1991).
[4] Meeks offers no basis for a conclusion that the employee had commenced a civil action against his employer as opposed to simply filing a claim for workers' compensation benefits. The per curiam opinion in Meeks states that the plaintiff requested the Court to "allow him to sue his former employer for dismissing him because he filed a workmen's compensation claim."459 So.2d at 814 (emphasis added). In a concurring opinion, Justice Shores asked the question: "Why . . . should we not leave it to the legislature to change the rule in this case, where the employee was discharged allegedly for seeking workmen's compensationbenefits, a legislatively created right?" 459 So.2d at 815
(Shores, J., concurring specially (emphasis added)). In dissent, Justice Beatty stated, "The present case involves an employee who was discharged for merely filing a workmen's compensationclaim. . . ." 459 So.2d at 817 (Beatty, J., dissenting (emphasis added)).
[5] Several opinions of this Court in addition to McClain
support our holding today. Those opinions set forth the requirements for a prima facie case of retaliatory discharge. See, e.g., Alabama Power Co. v. Aldridge, 854 So.2d 554, 563
(Ala. 2002) ("In order for an employee to establish a prima facie case of retaliatory discharge the employee must show: 1) an employment relationship, 2) an on-the-job injury, 3) knowledge on the part of the employer of the on-the-job injury, and 4) subsequent termination of employment based solely upon the employee's on-the-job injury and the filing of a workers' compensation claim." (emphasis added)); G.UB.MK. Constructorsv. Carson, 812 So.2d 1175, 1177 (Ala. 2001) ("`In order to establish a prima facie case of retaliatory discharge, the plaintiff must present substantial evidence that he was terminated solely for seeking workers' compensation benefits.'" (emphasis added)); Ex parte Usrey, 777 So.2d 66, 69 (Ala. 2000) ("[The plaintiff] established a prima facie case of retaliatory discharge by presenting evidence to support his contentions that he was injured on the job, that his injury prevented him from working for a period of time, and that he was discharged shortly after his employer learned that he had taken steps toward filinga workers' compensation claim based on the injury." (emphasis added)). *Page 243