ON APPLICATION FOR REHEARING
The opinion previously issued in this case is withdrawn and the following is substituted as the opinion of this Court.
The Jackson County Board of Education (hereinafter referred to as the board) filed this declaratory judgment action against Marie Ledbetter, seeking to establish whether its action in reducing her hours as a lunchroom worker at Hollywood Elementary School from 35 to 30 hours per week constituted either a "termination" of her employment or a "transfer," under the applicable provisions of the Fair Dismissal Act, §§36-26-100 to -108, Code 1975. The trial court declared that "the legislative intent of the Fair Dismissal Act does not *Page 245 
apply to the action taken by the [board] in reducing" Mrs. Ledbetter's hours of work, and, further, that Mrs. Ledbetter was "not entitled to the administrative hearings and procedure restricting 'termination' of employment."
Marie Ledbetter and two other persons are employed by the Jackson County Board of Education as lunchroom workers at the Hollywood Elementary School. Mrs. Ledbetter is no longer on probationary status as an employee of the board. See §36-26-102, Code 1975. On September 27, 1985, the board voted at its regularly scheduled meeting to reduce the hours of each of the three lunchroom workers by one hour each day to 30 hours per week. The board alleged in its complaint that a lesser number of lunchroom worker labor-hours were needed, due to a decreased enrollment at Hollywood Elementary School. On October 2, 1985, Mrs. Ledbetter requested an appeal to a three-member panel, as provided for under the Fair Dismissal Act. In response to her request, the board filed the present complaint, wherein it averred that its action was neither a "termination" nor a "transfer" within the meaning of the Fair Dismissal Act. Mrs. Ledbetter appeals from the trial court's judgment declaring that she was not entitled to a hearing.
The sole issue for our review is whether the trial court properly interpreted § 36-26-102, Code 1975, and other applicable provisions of the Fair Dismissal Act, as they applied to the facts in the instant case.
Mrs. Ledbetter first asserts that the trial court erred in its finding that the board's action did not constitute a "termination" of her employment within the meaning of §36-26-102, Code 1975. Specifically, § 36-26-102 provides:
 "Upon the completing by the employee of said probationary period, said employee shall be deemed employed on a non-probationary status and said employee's employment shall thereafter not be terminated except for failure to perform his or her duties in a satisfactory manner, incompetency, neglect of duty, insubordination, immorality, justifiable decrease in jobs in the system, or other good and just causes; provided, however, such termination of employment shall not be made for political or personal reasons on the part of any party recommending or voting to approve said termination."
Mrs. Ledbetter contends, in effect, that the above section of the Fair Dismissal Act should be construed in parimateria with § 16-24-3 of the Teacher Tenure Act. In support of this position, Mrs. Ledbetter relies upon Exparte Wright, 443 So.2d 40 (Ala. 1983), and asks that the reasoning of Wright be applied in the present case. InWright, this Court addressed the issue of whether certain tenured teachers' contracts had been improperly cancelled by the school board. This Court held that a new contract, which changed the number of months that the teachers were to work from ten to nine was a "partial cancellation" of the old contract, and as such could not be enforced without compliance with the procedures set out in § 16-24-9 of the Teacher Tenure Act. Based on Wright, Mrs. Ledbetter contends that the board's action in the present case was a "partial termination" of her employment and as such entitles her to an appeal under the procedures of the Fair Dismissal Act.
The trial court concluded that there was a material distinction between the Fair Dismissal Act and the Teacher Tenure Act. In its order, the trial court stated that the Fair Dismissal Act "does not speak to the cancellation [or] partial cancellation of the employee's contract of employment, but, instead, to termination of the '. . . . employee'semployment. . . .'" The court added, "Here, by the plain meaning of the Fair Dismissal Act, the action of the board has not amounted to a termination of Marie Ledbetter's employment."
The trial court's opinion fails to address the principle that a public employee with a "legitimate claim of entitlement to continued employment must be given an opportunity to prove the legitimacy of his claim to such entitlement" if the state deprives him of his employment. Perry v. Sinderman,408 U.S. 593, 602-03, 92 S.Ct. 2694, 2700, 33 L.Ed.2d 570
(1972). Although a narrow reading of § 36-26-102, §16-24-3, and *Page 246 Wright, supra, leaves room for the trial court's distinction between the Fair Dismissal Act and the Teacher Tenure Act, the relevant principles of due process under the Fourteenth Amendment lead us to the conclusion that Mrs. Ledbetter has been deprived of her property interest in her employment without due process of law.
In Board of Regents v. Roth, 408 U.S. 564, 577,92 S.Ct. 2701, 2709, 33 L.Ed.2d 548 (1972), the United States Supreme Court observed:
 "To have a property interest in a benefit, a person clearly must have more than an abstract need or desire for it. He must have more than a unilateral expectation of it. He must, instead, have a legitimate claim of entitlement to it. It is a purpose of the ancient institution of property to protect those claims upon which people rely in their daily lives, reliance that must not be arbitrarily undermined. It is a purpose of the constitutional right to a hearing to provide an opportunity for a person to vindicate those claims."
Although the trial court would appear to concede that Mrs. Ledbetter has a property interest in employment for at least 20 hours per week,[1] the effect of its decision is that a school board may arbitrarily reduce the working hours of an employee covered by the Fair Dismissal Act from 35 (or 40) to as low as 20. On the contrary, if Mrs. Ledbetter has a property interest in her employment at all, and she clearly does under the statute (Roth, Sinderman, and subsequent cases), then she has a property interest in the whole of it. If a person owns an acre of land, the state may not take any portion of it without proper condemnation proceedings and compensation. Why, then should the state be allowed to grant a property interest in employment and then take up to half of it away without according the owner the same due process of law?[2]
By holding that Mrs. Ledbetter was not entitled to a hearing or any review of the board's reduction in her hours of employment, the trial court has allowed the state to deprive her of a property interest given by the statute without due process of law. We do not mean to imply that the board acted arbitrarily or capriciously; indeed, the only evidence of record indicates that declining enrollment provided at least an arguable reason for the reduction in hours of the lunchroom employees. Rather, we hold only that when Mrs. Ledbetter followed the procedures of the Fair Dismissal Act to challenge the reduction, she was entitled to present her position before the neutral decision-making body for which the Act provides.
Because we hold that the board's reduction of Mrs. Ledbetter's working hours was a partial termination of her employment and triggered her right to a hearing, we do not address the argument as to whether the reduction was a transfer within the meaning of the Fair Dismissal Act.
For the reasons stated the judgment is reversed and the cause is remanded.
APPLICATION GRANTED; ORIGINAL OPINION WITHDRAWN; OPINION SUBSTITUTED; REVERSED AND REMANDED.
MADDOX, JONES, SHORES and STEAGALL, JJ., concur.
TORBERT, C.J., and BEATTY and HOUSTON, JJ., dissent.
[1] The trial court wrote in its judgment: "It is the conclusion of this court, further, that a 'transfer' with 'loss of status' would apply to a reduction of the working hours per week of the employee only when the school board reduced that employee to less than 20 hours per week, which, under the definition of the act, would reduce her to the status of other than a 'full-time employee' under Section 36-26-100, Codeof Alabama of 1975."
[2] We do not mean to suggest that the parallel with real property ownership is exact. In the proper circumstances and if it follows the proper procedures, the state may reduce hours of employment or even reduce pay for a given number of hours worked. These questions relate to how much the employee is compensated for his labor, and are comparable to the question of how much compensation is due for a taking of real property. *Page 247