This is an employee termination case.
Employees filed an action against the Baldwin County Board of Education (Board) claiming violations pursuant to the Fair Dismissal Act, §§ 36-26-100 through -108, Code 1975 (1987 Cum.Supp.) (Act). Following an ore tenus proceeding the Circuit Court of Baldwin County ruled in favor of the Board. The employees appeal. We reverse.
The pertinent facts are that the Board, having been advised of the opinion in Garcia v. San Antonio Metropolitan TransitAuthority, 469 U.S. 528, 105 S.Ct. 1005, 83 L.Ed.2d 1016
(1985), which subjected certain Board personnel to the requirements of the Fair Labor Standards Act of 1938, 29 U.S.C.A., §§ 201 through 209 (FLSA), instructed the superintendent to reduce to forty the number of hours worked per week by the employees. The appellants (employees) were all classified, nonprobationary employees of the Board, each having dual duties including cafeteria work, custodial work, teachers' aides, and driving buses.
The trial court made a finding of fact of the "working hours" per week for each of the employees. The "working hours" for employee Carter equaled 44.5 "working hours" per week, for employee Powell equaled 44.5 "working hours" per week (although the correct computation should equal 45), for employee Cruz equaled 44.5 "working hours" per week, for employee Hileman equaled 42.5 "working hours" per week, and for employee Akins equaled 43.5 "working hours" per week. The trial court further stated that the Board reduced the employees' total "working hours." The hours in each case were reduced to forty hours per week so as to comply with the provisions of the FLSA and dispense with the need for overtime compensation. The employees were not given written notice of the reduction, nor were they afforded a hearing.
The employees sought a declaratory judgment, writ of mandamus, and injunctions against the Board, alleging a violation of the Act which required notice and hearing procedures. The employees requested a stay of the proceedings pending a ruling from the Alabama Supreme Court in Ledbetter v.Jackson County Board of Education, 508 So.2d 244 (Ala. 1987). After the ruling in Ledbetter the stay was dissolved and a bench trial was held. The trial court held that the employees had a property *Page 1019 
interest only in a "normal working week" but not in "overtime" hours.
The employees appeal from this decision, contending that the trial court erred in not following the ruling in Ledbetter. We agree.
The Act itself requires notice of a termination or transfer and provides for a hearing if the employee wishes to contest the termination or transfer. In Ledbetter, a cafeteria worker's hours were reduced from thirty-five to thirty hours per week. The dispositive issue in Ledbetter was whether the reduction in hours constituted a termination so as to require the observance of the procedural safeguards of the Act. The court ruled that the employee had a property interest in the "whole" of her employment and any reduction of the "working hours" was a partial termination which triggered the rights to written notice and a hearing under the provisions of the Act.
The dispositive question in the instant case is whether the reduction of "regularly scheduled working hours" in excess of forty per week is considered a partial termination which would require notice and a hearing. We are not cited to any authority nor has our research revealed any authority to answer this issue with the exception of Ledbetter. We read Ledbetter as including any reduction in regularly scheduled hours as a partial termination since these scheduled hours constituted the employee's employment as a whole.
The trial court made a finding of fact that a reduction of the employee's working hours existed. Once this finding was made, the trial court was obligated to assign the case for an administrative hearing in accordance with the provisions of the Fair Dismissal Act. Such a procedure is in keeping with the supreme court's decision in Ledbetter. As stated by the supreme court in Ledbetter:
 "By holding that Mrs. Ledbetter was not entitled to a hearing or any review of the board's reduction in her hours of employment, the trial court has allowed the state to deprive her of a property interest given by the statute without due process of law. . . . [W]hen Mrs. Ledbetter followed the procedures of the Fair Dismissal Act to challenge the reduction, she was entitled to present her position before the neutral decision-making body for which the Act provides."
Employees also contend for the first time on appeal that the provisions of the Alabama Litigation Accountability Act, §§12-19-270 through -276, Code 1975 (1987 Cum.Supp.), should be applied to the instant case in that the Board continued to litigate after the ruling in Ledbetter. After a careful review of the record and the language of Ledbetter, we cannot apply the Litigation Accountability Act to the facts of the present case. The existence of factual distinctions between a case being litigated and existing appellate decisions ordinarily relieves a party from the application of the Litigation Accountability Act. Moreover, it is within the province of the courts to interpret statutes and apply appellate opinions. Disagreement between trial courts and appellate courts in the interpretation of statutes and the application of appellate decisions does not necessarily give rise to the sanctions authorized by the Litigation Accountability Act. Thus, we conclude that the trial court properly declined to apply the Litigation Accountability Act to the case at bar.
REVERSED AND REMANDED WITH DIRECTIONS.
HOLMES and INGRAM, JJ., concur.