The plaintiff, James L. White, Jr., appeals from a summary judgment for the defendant, Midtown Restaurant Corporation, d/b/a Burger King ("Midtown"), in this action alleging a violation of Ala. Code 1975, § 25-5-11.1. We affirm.
White alleged in his complaint that he was harassed by Midtown officials, removed from his position as a general manager with Midtown, and reassigned as an assistant manager, solely because he had filed a claim for workers' compensation benefits following an on-the-job injury. Although Midtown did not reduce White's salary and although he did not resign from the company following his demotion, White argued nonetheless that he had lost certain benefits that were available only to general managers and that Midtown officials had made his working conditions "intolerable." Midtown denied that its officials had harassed White or that it had demoted White for filing a workers' compensation *Page 1331 
claim; however, viewing the evidence submitted by White in opposition to Midtown's summary judgment motion in the light most favorable to White, as we must under our standard for reviewing summary judgments, we assume, as the trial court did, that White's factual allegations are true. The sole issue presented on this appeal is whether the trial court erred in concluding that White failed to state a claim under §25-5-11.1.[1]
Section 25-5-11.1 provides in pertinent part:
 "No employee shall be terminated by an employer solely because the employee has instituted or maintained any action against the employer to recover workers' compensation benefits under this chapter. . . ."
This statute was enacted by the legislature in an attempt to rectify the perceived harsh result of this Court's holding inMeeks v. Opp Cotton Mills, Inc., 459 So.2d 814 (Ala. 1984). InMeeks, this Court refused to create an exception to the employee-at-will doctrine that would have provided employees a cause of action against employers who had terminated their employment because they had filed a claim for workers' compensation benefits. This Court noted in Meeks that the legislature was fully capable of creating exceptions to the employee-at-will doctrine if it desired to do so.
In Twilley v. Daubert Coated Products, Inc., 536 So.2d 1364
(Ala. 1988), we held that an employee may state a cause of action under § 25-5-11.1 for a "constructive discharge" as well as for an actual discharge or termination; however, we did not define "constructive discharge" for purposes of § 25-5-11.1. Later, in Irons v. Service Merchandise Co., 611 So.2d 294, 295
(Ala. 1992), we adopted the general rule of "constructive discharge" applied by the federal courts in reviewing employment discrimination claims and claims under the Fair Labor Standards Act, stating:
 "[I]f the employer deliberately makes an employee's working conditions so intolerable that the employee is forced into an involuntary resignation, then the employer has encompassed a constructive discharge and is as liable for any illegal conduct involved therein as if it had formally discharged the aggrieved employee."
(Quoting Jurgens v. EEOC, 903 F.2d 386, 390 (5th Cir. 1990), which quoted earlier cases.)
Initially, we point out that White did not resign from the company because of any alleged "intolerable" conditions created by Midtown officials; therefore, there was no "constructive discharge" under the rule adopted in Irons. However, relying onLedbetter v. Jackson County Board of Education, 508 So.2d 244
(Ala. 1987), and Ex parte Wright, 443 So.2d 40 (Ala. 1983), White argues that his demotion was tantamount to a "partial termination" of employment and that his partial termination should be held to support an action under § 25-5-11.1. In addition, White contends that under this Court's rationale inMcClain v. Birmingham Coca-Cola Bottling Co., 578 So.2d 1299
(Ala. 1991), § 25-5-11.1 should be construed as providing a cause of action against an employer that has demoted an employee solely because that employee filed a claim for workers' compensation benefits.
In Ledbetter, an elementary school lunchroom worker's hours were decreased from 35 to 30 hours per week and she requested an appeal to a three-member panel, as provided under the Fair Dismissal Act, Ala. Code 1975, § 36-26-100 et seq. In response to the worker's request, the board of education sought a judgment declaring that she was not entitled to a hearing because, it contended, she had not been "terminated" from her employment within the meaning of the Fair Dismissal Act so as to trigger the procedural requirements for dismissal under the Act. The trial court ruled in favor of the board; this Court reversed, holding that the worker, a public employee entitled to the protections afforded by the Fair Dismissal Act, had a property interest in 35 hours per week of employment and that the reduction of her *Page 1332 
hours amounted to a partial termination of her employment within the meaning of the Act. We see a material distinction between Ledbetter and the present case. In Ledbetter, the worker was paid by the hour and the board's reduction in the number of hours she worked, accomplished without giving the employee a hearing, constituted an actual termination of five hours of employment, in violation of the Act. In the present case, although White was reassigned as an assistant manager, his work hours and salary remained the same. In short, White, an employee-at-will of a private employer, suffered no loss of employment that could reasonably be construed as a "partial termination" of employment, so as to trigger application of §25-5-11.1.
In Ex parte Wright, certain Mobile County public school teachers, who had attained continuing service status under the Alabama Teacher Tenure Act, were presented new contracts for the next school year that reduced by one the number of months they would be employed, with a resulting reduction in pay. The teachers appealed to the State Tenure Commission, which held that the school board had improperly "cancelled" the teachers' contracts. The Court of Civil Appeals reversed the decision of the Commission and we later reversed the judgment of the Court of Civil Appeals; we held that the teachers' contracts had been partially cancelled and that the partial cancellation violated the tenure law. Again, we see a material distinction between Exparte Wright and the present case. In Ex parte Wright, the teachers, public employees subject to the protection of the tenure law, suffered a loss of one month's employment and a corresponding reduction in pay, just as the worker in Ledbetter
did. As previously noted, however, White suffered no loss of employment that could reasonably be construed as a "partial termination" or as a "partial cancellation" of his employment.
In McClain, this Court was presented with the question of whether the legislature's choice of the word "action" in §25-5-11.1 was intended to restrict the cause of action to cases where the employee was terminated in retaliation for filing a lawsuit, as opposed to merely filing a claim, to recover workers' compensation benefits. Noting that § 25-5-11.1 was remedial legislation and that it had to be liberally construed to effect its purposes, we held that a literal interpretation of the statute "would not only encourage some employers to terminate injured employees who file claims for worker's compensation benefits, but it would also effectively discourage employees from ever filing a claim in the first place." We stated further that "[s]uch an interpretation would be unreasonable because it would obviously circumvent the purpose behind § 25-5-11.1 and ultimately deprive it of any meaningful effect." 578 So.2d at 1301. White insists that we should adopt the same reasoning and read the word "demoted" into §25-5-11.1, just as we read the word "claim" into the statute inMcClain. We disagree.
This Court made it very clear in Meeks that the creation of exceptions to the employee-at-will doctrine was generally a matter of legislative concern. We were careful to explain inMcClain that although § 25-5-11.1 had to be liberally construed, it could not be given a construction that would extend it beyond its legitimate scope. In McClain, we were confronted with a situation where the language of § 25-5-11.1
was clear on its face, but a literal interpretation of the statute would have allowed an employer to escape liability by simply discharging an employee after the employee had filed a claim for workers' compensation benefits but before the employee had commenced an action in court to recover those benefits. Finding no legitimate reason for concluding that the legislature intended such a result, we intervened and construed the statute so as to effect its purposes. In the present case, however, we find White's invitation to read the word "demoted" into § 25-5-11.1 to be less compelling. Although § 25-5-11.1
was clearly intended to prohibit employers from retaliating against their employees for seeking workers' compensation benefits, we cannot say with certainty that the legislature intended to extend the scope of the statute to cover demotions. We can envision instances where an employer would have legitimate business reasons for reassigning an injured employee. Although an employer would not be subject *Page 1333 
to liability in those instances, even if we were to construe § 25-5-11.1 as White suggests, we cannot say that the legislature intended to subject employers to potential litigation in instances where an employee has not been terminated. We emphasize that retaliation of any kind by employers against employees who have pursued their right to recover workers' compensation benefits is deplorable. However, our holding in this case is but a recognition, consistent with our decision in Meeks, that any modification of § 25-5-11.1
that could have such a potentially disruptive effect on the employer-employee relationship is a legislative, not a judicial, matter.
For the foregoing reasons, the summary judgment is affirmed.
AFFIRMED.
HORNSBY, C.J., and SHORES, STEAGALL and INGRAM, JJ., concur.
ALMON and KENNEDY, JJ., concur in the result.
COOK, J., dissents.
[1] White also alleged that he was wrongfully demoted in violation of the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1001 et seq. However, he voluntarily dismissed his ERISA claim and refiled it in a federal district court. That claim remains pending.