THIGPEN, Judge.
This is an employment termination case.
In June 1993, Nancy Green and Barbara S. Rich (employees) filed a complaint against the Etowah County Board of Education (Board), alleging that they were denied a hearing pursuant to the “Fair Dismissal Act” (Act), Ala.Code 1975, § 36-26-100 et seq., after their employment as custodial workers was terminated. The employees sought a writ of mandamus directing the Board to reinstate them to their former positions as custodial workers.
Following ore tenus proceedings, the trial court denied relief to the employees and expressly found that they were not entitled to the procedural safeguards provided by the Act. The employees’ post-judgment motion was denied; hence, this appeal.
In its lengthy and detailed order, the trial court made the following findings:
“The Court finds that under the provisions of the Fair Dismissal Act an employed person must be a permanent status employee in order to be afforded the protection of the Act. One of the requirements of a permanent status employee is that the person be a ‘full time’ employee. Under Ala.Code (1975), § 36-26-100, ‘full time employees include (a) adult bus drivers and (b) other employees whose duties require 20 or more hours in each normal working week of the school term ...’ The [employees] in this case, each working in two separate positions, as a lunchroom worker and a custodian, were terminated from the custodian position. The custodian position was a part-time position requiring less than twenty hours a week. Therefore, the [employees] did not meet the requisite twenty hour a week minimum for the position of custodians.
“The Court further finds that the [employees] had two contracts of employment, one for the lunchroom position and one for the custodian position. The [employees] were paid separately for the position of lunchroom worker and custodian. The [employees] received separate pay raises (local and State) for each position. The [employees] entered starting and ending time for the work which they performed as custodians and lunchroom workers. The time worked for each position was kept on separate sheets. There was no overlap of time worked for each position; in fact, *837 there was [a] thirty minute period between the services performed by the [employees] as lunchroom workers and [the services performed by them] as custodians. The [employees] further received sick days and vacation time on each position.
“The [employees’] custodian positions were separate and distinct positions from the lunchroom positions. Because the custodian positions were part-time for less than twenty hours per week the [employees] are not entitled to the procedural safeguards of the Fair Dismissal Act.”
(Emphasis added.)
The employees raise one issue on appeal: whether an employee who works more than 20 hours per week in one position, and at the same time works less than 20 hours per week for the same employer in a different position, is entitled to a hearing pursuant to the Act, when the employer terminates the employment for fewer than 20 hours per week. The employees argue that their two positions, as lunchroom workers and custodians, were in fact combined as one position with two duties, and that they are entitled to a hearing because, they argue, they met the 20-hour work minimum. The eases cited by the employees in support of their argument, however, are clearly distinguishable from their ease. Carter v. Baldwin County Board of Education, 532 So.2d 1017 (Ala.Civ.App.1988), and Ledbetter v. Jackson County Board of Education, 508 So.2d 244 (Ala.1987). Both eases involve merely a reduction in work hours for a single position.
In Ledbetter, a lunchroom worker’s hours were reduced from 35 to 30 hours per week. The employee worked more than 20 hours per week in only one position or capacity, she clearly had a property interest in her employment, and she was entitled to a hearing pursuant to the Act. The facts in the Carter case are also distinguishable, because the employees in Carter had “dual duties, including cafeteria work, custodial work, teachers’ aides, and driving buses.” Carter, 532 So.2d at 1018. (Emphasis added.) This court determined that the reduction of hours in excess of 40 hours per week constituted a “partial termination” and entitled the employees to a hearing. In the instant case, however, the evidence reveals that the employees received separate paychecks, separate raises, separate leave benefits, and kept separate time logs; these facts clearly indicate that these employees, in fact, held completely separate positions.
Furthermore, in Turner v. Cullman County Commission on Education, 535 So.2d 184, 186 (Ala.Civ.App.1988), a case that involved the interpretation of an act granting a pay increase for school employees, this court held that “bus drivers must be employed in another separate and distinct position with the Commission in order to qualify for a second pay supplement.” (Emphasis added.) This court upheld the trial court’s judgment based upon its finding that the employees held the single position of bus drivers, and that they were entitled to only one annual pay supplement.
In the instant case, Dr. Ralph Cain, who at the pertinent time was the Superintendent of Education for Etowah County, testified that the positions held by the employees were separate positions, and that the custodial position was a only part-time one. He testified that if the two positions were considered to be one job, then the employees would earn benefits from only one job, instead of earning separate and distinct benefits from two separate and distinct jobs.
A thorough review of the record discloses ample evidence to support the findings of the trial court. Mandamus is not a writ of right, and it is within the trial court’s discretion to grant or deny the writ. Ex parte State ex rel. McKinney, 575 So.2d 1024 (Ala.1990). The appellants have disclosed no error in the trial court’s refusal to issue a writ of mandamus. We are not unsympathetic with an employee who, as here, in fact, works more than 20 hours per week for a school system. We are constrained, however, to follow our Supreme Court holdings.
For the foregoing reasons, the judgment of the trial court is due to be, and it is hereby, affirmed.
AFFIRMED.
ROBERTSON, P.J., and YATES, MONROE, and CRAWLEY, JJ., concur.