689 So.2d 838 (1996)
Ex parte Nancy GREEN and Barbara S. Rich.
(Re Nancy GREEN and Barbara S. Rich v. ETOWAH COUNTY BOARD OF EDUCATION).
1950069.
Supreme Court of Alabama.
September 13, 1996.
Joe R. Whatley, Jr., Andrew C. Allen, and Samuel H. Heldman of Cooper, Mitch, Crawford, Kuykendall & Whatley, L.L.C., Birmingham; and Larry H. Keener of Floyd, Keener, Cusimano & Roberts, P.C., Gadsden, for Petitioners.
James E. Turnbach of Turnbach & Warren, P.C., Gadsden, for Respondent.
William H. Reece of Gardner, Middlebrooks, Fleming & Hamilton, P.C., Mobile, for Amicus Curiae Alabama Education Association, in support of Petitioners.
KENNEDY, Justice.
The Fair Dismissal Act, §§ 36-26-100 to -108, Ala.Code 1975, provides that a nonteacher employee of a school system who works 20 or more hours a week is a full-time employee and is entitled to a hearing on a proposed termination.
We granted certiorari review in order to determine whether a nonteacher employee is entitled to a hearing under the Act before being terminated if that employee works more than 20 total hours a week, but works in multiple positions, spending less than 20 hours a week in the position for which the termination is proposed.
The plaintiffs, Nancy Green and Barbara Rich, were employees of the Etowah County Board of Education. Each worked in a school lunchroom and also worked as a custodian. Each worked more than 20 total hours a week as a lunchroom worker, but fewer than 20 hours a week as a custodian. The Board terminated their service as custodians, without a hearing. However, they remained as lunchroom workers. It should be noted that each plaintiff had two employment contracts and received two paychecks.
Green and Rich sued the Board, alleging that they had been terminated as custodians without being given the hearing they claimed *839 was mandated by the Act. The trial court entered a judgment in favor of the Board, and Green and Rich appealed. The Court of Civil Appeals held that a nonteacher employee was not entitled to a hearing under the Fair Dismissal Act when the employee works less than 20 hours in a particular position and the employee is terminated from that position. Green v. Etowah County Board of Education, 689 So.2d 835 (Ala.Civ.App.1995).
The Board argues that the plaintiffs had two distinct jobs in the school and that because they worked less than 20 hours as custodians, their termination as custodians was not covered by the Act. We disagree; we think that interpretation would defeat the purpose of the Act.
First, the overall purpose of the Fair Dismissal Act is to provide nonteacher employees with a fair and swift resolution of proposed employment terminations. Bolton v. Board of School Comm'rs, 514 So.2d 820 (Ala.1987). Second, the plain language of the Act provides that nonteacher employees, specifically including "lunchroom workers and custodians," with "20 or more hours in each normal working week of the school term" are entitled to the protections under the Act. § 36-26-100. Considering the intent of legislature and reading the Actgiving the words their natural, plain, ordinary, and commonly understood meaningwe hold that Rich and Green were entitled to a hearing. Both were nonteacher employees who worked more than 20 hours a week, regardless of the distinct jobs they did during the week, and they were, therefore, entitled to the due process protections set out in the Act.
Additionally, in two cases this Court has held that a "partial" termination of employment triggered the right to a hearing under the Act. In Ledbetter v. Jackson County Board of Education, 508 So.2d 244 (Ala. 1987), the employee sued the school board to determine whether its action in reducing her hours from 35 to 30 hours per week constituted a "termination"[1] under the applicable provisions of the Act. We held that it did, because the employee had a property interest in the whole of her employment, and thus that she was entitled to a hearing under the Act to review the proposed termination of part of that property interest. The issue in Carter v. Baldwin County Board of Education, 532 So.2d 1017 (Ala.Civ.App.1988), was whether the reduction of "regularly scheduled working hours" in excess of 40 per week was considered a partial termination that would require notice and a hearing. Following Ledbetter, we held that it was.
Green and Rich's termination is analogous to the partial terminations in Ledbetter and Carter. Due process, as we noted in Ledbetter, is at the heart of the Act. Denying the plaintiffs a hearing in front of the Board was error. Accordingly, we reverse the trial court's judgment and remand.
REVERSED AND REMANDED.
ALMON, SHORES, COOK, and BUTTS, JJ., concur.
MADDOX and HOUSTON, JJ., concur in the result.
HOOPER, C.J., dissents.
HOUSTON, Justice (concurring in the result).
Nancy Green and Barbara S. Rich were full-time employees of the Etowah County Board of Education because their duties required 20 or more hours' work as lunchroom workers during each normal working week of the school term. Ala.Code 1975, § 36-26-100. Therefore, they were covered by Article 4 of Chapter 26, Title 36. Green and Rich had completed their probationary period of employment (three years), § 36-26-101, and were on permanent status. It is settled Alabama law (absent special circumstances concerning election laws) that:
"The fundamental role of statutory construction is to ascertain and give effect to the intent of the legislature in enacting the statute. Words used in a statute must be *840 given their natural, plain, ordinary, and commonly understood meaning, and where plain language is used a court is bound to interpret that language to mean exactly what it says. If the language of the statute is unambiguous, then there is no room for judicial construction and the clearly expressed intent of the legislature must be given effect."
IMED Corp. v. Systems Engineering Associates Corp., 602 So.2d 344, 346 (Ala.1992). See also Tuscaloosa County Comm'n v. Deputy Sheriffs' Ass'n of Tuscaloosa County, 589 So.2d 687 (Ala.1991); Employees' Retirement System of Alabama v. Head, 369 So.2d 1227, 1228 (Ala.1979); Bagley v. City of Mobile, 352 So.2d 1115 (Ala.1977); and 3 Sutherland Statutory Construction, 681 (4th ed. 1992).
Therefore, Green and Rich could be terminated only under the provisions set out in § 36-26-103. The fact that the work hours that were terminated were only those in which Green and Rich did custodial work under a separate contract is not relevant. Ledbetter v. Jackson County Board of Education, 508 So.2d 244 (Ala.1987). Green and Rich were full-time employees of the Board on permanent status. It is not relevant what Green and Rich's rights would be under § 36-26-103 if they had two separate contracts with the Board and neither of those contracts required them to work 20 hours or more a week.
MADDOX, J., concurs.
HOOPER, Chief Justice (dissenting).
The trial court correctly rejected the plaintiffs' claim. The plaintiffs claim that by working more than 20 hours per week as lunchroom workers and at the same time working less than 20 hours per week as custodians entitles them to a hearing before the custodial employment can be terminated under the Fair Dismissal Act, §§ 36-26-100 to -108, Ala.Code 1975. The Act covers nonteacher employees of a school system who work 20 or more hours per week. The majority holds that the two positions, lunchroom worker and custodian, were in fact one position with two duties, and that the plaintiffs are entitled to a hearing because they met the 20-hour-work-week minimum. The case was tried ore tenus and the trial court determined the two positions to be two different jobs.
The cases cited by the majority are clearly distinguishable from this case. Both Ledbetter v. Jackson County Board of Education, 508 So.2d 244 (Ala.1987), and Carter v. Baldwin County Board of Education, 532 So.2d 1017 (Ala.Civ.App.1988), involved merely a reduction in work hours for a single position. In Ledbetter, a lunchroom worker's hours were reduced from 35 to 30 per week. The employee worked more than 20 hours per week in one position or capacity. She clearly had a property interest in her employment and was, therefore, entitled to a hearing pursuant to the Act. In Carter, the employees had "dual duties including cafeteria work, custodial work, [work as] teachers' aides, and driving buses." 532 So.2d at 1018. In both Ledbetter and Carter, the employee had one job that exceeded 20 hours.
In this case, Green and Rich each received separate paychecks, separate raises, and separate leave benefits, and each kept separate logs for the two separate types of employment. They clearly held two different jobs. The superintendent of education for Etowah County testified that the positions held by the plaintiffs were separate positions, that the custodial position was only a part-time job, and that the hours for that position were less than 20 hours per week. The Fair Dismissal Act covers nonteacher employees of a school system who work 20 or more hours a week. Green and Rich were clearly not covered by the Act and, thus, had no right to a hearing on their termination.
NOTES
[1] The employee also argued that the reduction in hours was a "transfer" under the Act. However, the Court did not address that argument.