KENNEDY, Justice.
The Fair Dismissal Act, §§ 36-26-100 to - 108, Ala.Code 1975, provides that a nonteacher employee of a school system who works 20 or more hours a week is a full-time employee and is entitled to a hearing on a proposed termination.
We granted certiorari review in order to determine whether a nonteaeher employee is entitled to a hearing under the Act before being terminated if that employee works more than 20 total hours a week, but works in multiple positions, spending less than 20 hours a week in the position for which the termination is proposed.
The plaintiffs, Nancy Green and Barbara Rich, were employees of the Etowah County Board of Education. Each worked in a school lunchroom and also worked as a custodian. Each worked more than 20 total hours a week as a lunchroom worker, but fewer than 20 hours a week as a custodian. The Board terminated their service as custodians, without a hearing. However, they remained as lunchroom workers. It should be noted that each plaintiff had two employment contracts and received two paychecks.
Green and Rich sued the Board, alleging that they had been terminated as custodians ■without being given the hearing they claimed *839 was mandated by the Act. The trial court entered a judgment in favor of the Board, and Green and Rich appealed. The Court of Civil Appeals held that a nonteacher employee was not entitled to a hearing under the Fair Dismissal Act when the employee works less than 20 hours in a particular position and the employee is terminated from that position. Green v. Etowah County Board of Education, 689 So.2d 835 (Ala.Civ.App.1995).
The Board argues that the plaintiffs had two distinct jobs in the school and that because they worked less than 20 hours as custodians, their termination as custodians was not covered by the Act. We disagree; we think that interpretation would defeat the purpose of the Act.
First, the overall purpose of the Fair Dismissal Act is to provide nonteacher employees with a fair and swift resolution of proposed employment terminations. Bolton v. Board of School Comm’rs, 514 So.2d 820 (Ala.1987). Second, the plain language of the Act provides that nonteaeher employees, specifically including “lunchroom workers and custodians,” with “20 or more hours in each normal working week of the school term” are entitled to the protections under the Act. § 86-26-100. Considering the intent of legislature and reading the Act — giving the words their natural, plain, ordinary, and commonly understood meaning — we hold that Rich and Green were entitled to a hearing. Both were nonteacher employees who worked more than 20 hours a week, regardless of the distinct jobs they did during the week, and they were, therefore, entitled to the due process protections set out in the Act.
Additionally, in two cases this Court has held that a “partial” termination of employment triggered the right to a hearing under the Act. In Ledbetter v. Jackson County Board of Education, 508 So.2d 244 (Ala.1987), the employee sued the school board to determine whether its action in reducing her hours from 35 to 30 hours per week constituted a “termination”[1] under the applicable provisions of the Act. We held that it did, because the employee had a property interest in the whole of her employment, and thus that she was entitled to a hearing under the Act to review the proposed termination of part of that property interest. The issue in Carter v. Baldwin County Board of Education, 532 So.2d 1017 (Ala.Civ.App.1988), was whether the reduction of “regularly scheduled working hours” in excess of 40 per week was considered a partial termination that would require notice and a hearing. Following Ledbetter, we held that it was.
Green and Rich’s termination is analogous to the partial terminations in Ledbetter and Carter. Due process, as we noted in Ledbet-ter, is at the heart of the Act. Denying the plaintiffs a hearing in front of the Board was error. Accordingly, we reverse the trial court’s judgment and remand.
REVERSED AND REMANDED.
ALMON, SHORES, COOK, and BUTTS, JJ., concur.
MADDOX and HOUSTON, JJ., concur in the result.
HOOPER, C.J., dissents.

. The employee also argued that the reduction in hours was a "transfer" under the Act. However, the Court did not address that argument.