841 So.2d 260 (2001)
Ex parte John McLEOD.
(In re Dr. Linda Young, in her official capacity as president of George C. Wallace State Community College; and George C. Wallace State Community College v. John McLeod).
1000842.
Supreme Court of Alabama.
June 22, 2001.
Dissenting Opinion on Denial of Rehearing September 14, 2001.
*261 Gregory B. Stein of Stein & Brewster, Mobile; and Thomas K. Brantley of Parkman, Brantley, LaMere & Atwell, Dothan, for petitioner.
Edward M. George and Jeffery A. Foshee of Foshee & George, L.L.C., Montgomery; and R. Rainer Cotter III of Cassady, Fuller & Marsh, Enterprise, for respondents.
Robert D. Seagall and Shannon L. Holliday of Copeland, Franco, Screws & Gill, P.A., Montgomery; Winn Faulk of Faulk & Reed, L.L.P., Montgomery; and William J. Baxley and Joel E. Dillard of Baxley, Dillard, Dauphin & McKnight, Birmingham, for amicus curiae Alabama Education Association.
LYONS, Justice.
John McLeod sued George C. Wallace State Community College and Dr. Linda Young, in her official capacity as its president (hereinafter together referred to as "the college"), seeking backpay and benefits as a full-time tenured teacher. The battle is over how time of service is computed to establish tenure.

I. Factual Background

McLeod began his employment with the college as a speech instructor, in March 1984. His annual teaching contracts ran through 1994. Most of these contracts were "part-time" contracts with "full-time temporary" contracts applicable only for one quarter in 1991, one quarter in 1992, two quarters in 1993, and two quarters in 1994. The college reduced his hours of employment for the fall quarter 1994, refused to provide him with a "full-time" contract, and, instead, offered him a contract under which he would teach fewer than 15 quarter hours.
*262 When McLeod was designated "part-time," he was not required to perform any of the duties that were expected of full-time faculty members, such as assisting with registration, keeping office hours, serving on faculty committees, sponsoring student organizations, and attending graduation ceremonies. As a part-time instructor, McLeod was required only to show up and teach his classes. Because class periods at the college are 50 minutes long rather than a full hour, a 15-credit-hour schedule actually required him to teach for only 12 ½ hours per week.
For every 15-credit-hour quarter for which McLeod claims credit toward tenure, he was employed under a contract, which he had signed, providing that his employment was part-time, was nontenured, and did not count toward tenure.
Section 36-26-100, Ala.Code 1975, a part of the Fair Dismissal Act (hereinafter the "FDA") provides that "[f]ull time employees include ... employees whose duties require 20 or more hours in each normal working week of the school term, employing board holidays excepted." McLeod insists that for every quarter in which he taught 15 credit hours, he was actually working "full-time," as that term is used in the FDA, because, he argues, his "duties require 20 or more hours in each normal working week of the school term." See § 36-26-100. He supports this reasoning by stating that, in addition to the actual time he spent teaching in the classroom each week, he also spent time during each week outside of the classroom preparing, planning, reviewing, grading papers, talking with students, reading, and watching plays on television. He then concludes that those activities consumed at least 20 hours per week.

II. The Prior Appeal

In an earlier appeal in this action, the Court of Civil Appeals held that McLeod was not subject to the FDA. See McLeod v. Beaty, 718 So.2d 673 (Ala.Civ.App.1996). This Court reversed, without a majority opinion. See Ex parte McLeod, 718 So.2d 682 (Ala.1997) (McLeod I) (in the lead opinion, Justice Butts, joined only by Justice Shores, concluded that instructors at two-year colleges fall within the coverage of the FDA).
Justice Almon concurred specially, with an opinion joined only by Justice Maddox. Justice Almon concluded that the Alabama Trade School and Junior College Authority Act (hereinafter the "ATSJCAA"), § 16-60-80 et seq., and not the FDA, applied to McLeod. Justice Almon then wrote that the chancellor's regulation requiring consecutive years was invalid. However, Justice Almon concurred to remand, because of his view that the provisions of the FDA and the ATSJCAA must be construed identically so as to preclude any requirement that years of service be consecutive when computing tenure. The Court had previously embraced a rule rejecting the requirement of consecutive service, in Ex parte Clayton, 552 So.2d 152, 154-155 (Ala. 1989) (no requirement of consecutive service under virtually identical language in the FDA).
Justice See concurred in the result in McLeod I, without writing. Chief Justice Hooper and Justice Kennedy dissented, also without writing. Justice Cook recused himself, noting the impact the opinion could have on his wife, an employee of the two-year-college system. With only seven Justices sitting, the votes of Justices Maddox, Almon, Shores, Butts, and See combined to remand for further proceedings in the trial court, with Justice Butts noting, "[W]e have made no conclusions as to the validity of [McLeod's] factual claims." 718 So.2d at 687 n. 3.

*263 III. Subsequent Proceedings

A. In the Trial Court

On remand, the trial court applied the FDA and found that McLeod's duties required that he work 20 or more hours in each normal working week of the school term, and it held that, pursuant to the FDA, he was entitled to tenure. The trial court ordered the college to pay backpay and offer McLeod a contract as a full-time instructor at a pay scale as if he had been a full-time instructor since the fall quarter 1994.

B. Before the Court of Civil Appeals

The Court of Civil Appeals reversed, with a lead opinion authored by Judge Crawley in which he expressed the opinion that the lead opinion in McLeod I had no precedential value and that the FDA did not apply to McLeod. However, he further concluded that, even if the FDA did apply to McLeod, the evidence required a finding that McLeod had not worked the necessary hours for him to acquire tenured status under § 36-26-100 of the FDA ("Full time employees include ... employees whose duties require 20 or more hours in each normal working week of the school term, employing board holidays excepted."). Only Judge Thompson joined Judge Crawley's opinion. Young v. McLeod, 841 So.2d 245 (Ala.Civ.App.2001).
Presiding Judge Robertson and Judges Yates and Monroe concurred in the resulta holding that McLeod had not acquired tenure. They expressed the opinion that the FDA did apply; however, they agreed with Judge Crawley that, even under an application of the FDA, the evidence would require a finding that McLeod had not worked the hours necessary for him to acquire tenured status.
Thus, although the five Judges on the Court of Civil Appeals could not agree on whether the FDA applied, they all agreed that McLeod had not satisfied the requirements of § 36-26-100. In one portion of his opinion, Judge Crawley, assuming for the sake of argument that the FDA applied, reasoned that under the FDA the employer, not the employee, established the requirement for the number of hours to be worked. He then defined the 20-hour-per-week standard as "regularly scheduled working hours," relying upon Carter v. Baldwin County Bd. of Educ., 532 So.2d 1017, 1018 (Ala.Civ.App.1988), and Ex parte Green, 689 So.2d 838, 839 (Ala.1996). Judge Crawley also concluded that "regularly scheduled working hours" are the hours set by the employer, citing Ledbetter v. Jackson County Bd. of Educ., 508 So.2d 244 (Ala.1987).
As previously noted, during the quarters when McLeod was claiming full-time status, the college required only that he show up and teach his classes, and it is undisputed that McLeod did not spend 20 hours per week discharging that responsibility. Judge Crawley observed that if the court accepted McLeod's argument that a teacher can define for himself what hours should be counted toward the status of full-time employment and thereby determine when he has achieved tenure, then there would not be many part-time teachers in Alabama. The Court of Civil Appeals unanimously concluded that, even if the FDA applied, McLeod had had only six quarters of full-time employment; this conclusion made it unnecessary to deal with Justice Almon's concern as to whether the three-year probationary period must be served by teaching for three consecutive years. Because the Court of Civil Appeals unanimously rejected the proposition that the FDA applied to out-of-class activities, it did not address the trial court's findings as to the reasonableness of McLeod's out-of-class activities.

*264 IV. The Issues Within this Court's Jurisdiction

Only McLeod has petitioned this Court for certiorari review. McLeod asserts that the Court of Civil Appeals has incorrectly decided a question of first impression. See Rule 39(a)(1)(C), Ala. R.App. P. McLeod describes the question as dealing with the manner of computation of full-time or part-time status under the FDA.
In its brief in opposition to McLeod's petition, the college argues that, "with one possible exception," the petition is due to be denied: "The Respondents would not object to the review of [this issue] within the context of deciding whether or not the concurring Judges erred when they found that the Fair Dismissal Act applies to community college instructors." Because three of the five Judges on the Court of Civil Appeals agreed that the FDA applied and because the college has not challenged this determination by cross-petition, the applicability of the FDA has become the law of this case.[1]

V. The MeritsThe Effect of § 36-26-100

Under the FDA, McLeod must have three years of full-time employment to be entitled to tenure. See § 36-26-101, Ala. Code 1975. The question whether the three years must be consecutive, however, was not dealt with by the Court of Civil Appeals and, therefore, is not before us. The operative facts and controlling law, recognizing the FDA as the law of the case for purposes of this proceeding, require that we compute McLeod's time spent working at the college in light of § 36-26-100.
McLeod claims that he became tenured either when he had taught 15 or more credit hours in each of nine quarters or at the end of the spring quarter of 1992. He bases his reasoning on the wording of § 36-26-100 ("Full time employees include... employees whose duties require 20 or more hours in each normal working week of the school term, employing board holidays excepted."). As noted above, he says that his efforts necessary to teach 15 credit hours required 20 or more hours of work.
Section 36-26-100 states that full-time employment occurs when an employee's duties require 20 or more hours of work per week. McLeod points to the trial court's determination, based on evidence presented ore tenus, that McLeod had worked 20 or more hours per week. McLeod argues that this case is distinguishable from Carter, Green, and Ledbetter, all cited supracases Judge Crawley cited for the proposition that the employer defines the regularly scheduled working hours; McLeod says those cases contain incidental language not applicable to the question here presented. We agree. None of those cases addresses the issue of employment in a setting where the record reflects that activities beyond certain stated hours of service are essential to the discharge of the duties required of the employee.
The Code Commissioner's heading for the article in which § 36-26-100 is found refers to nonteacher employees, leading one to think only of janitors and bus drivers, whose duties do not require preparation and homework and whose duties would therefore be restricted to actual hours at the job site. This analysis *265 leads one to conclude that § 36-26-100 must be read as dealing only with circumstances where the employer, and not the employee, sets the hours of service. But, we cannot endorse this analysis, for several reasons. Section 1-1-14, Ala.Code 1975, condemns the use of descriptive headings to construe statutes. Also, that analysis overlooks other language in § 36-26-100 suggesting that teachers could be subject to its provisions, as Justices Butts and Shores concluded in McLeod I and as three Judges of the Court of Civil Appeals have more recently concluded. Finally, the applicability of the FDA is the law of this case.
What is the proper application of the phrase "employees whose duties require 20 or more hours in each normal working week"? If McLeod's "duties" were limited only to the obligation to show up for class and to teach for the specified number of hours, then the college prevails, because the college required only 12 ½ hours of instruction by McLeod per week. If his "duties" included not only the obligation to show up and teach for 12 ½ hours but also the obligation to prepare for class and to grade papers later, then McLeod prevailsif he can establish that the out-of-class effort required to reach 20 hours per week is reasonable. The Court of Civil Appeals did not address the trial court's finding that McLeod's out-of-class activities were reasonable; therefore, that finding is not before us.
Courts must interpret the plain language in a statute to mean exactly what it says and should give words their natural, plain, ordinary, and commonly understood meanings. McCullar v. Universal Underwriters Life Ins. Co., 687 So.2d 156, 163 (Ala.1996). The plain language of § 36-26-100 compels the conclusion that all of an employee's time spent on his duties must count toward the 20-hour requirement, because it offends common sense to suggest that teaching requires only classroom performance. Any other holding would simply rewrite the statute. If we held otherwise, a college could thwart the clear intention of the Legislature by consistently assigning its teachers 19.9 hours or some lesser number of hours of instruction per week. Moreover, if this case involved an attempt to terminate an instructor for cause, we would reasonably expect that a college would challenge the adequacy of the performance of a teacher who appeared for class unprepared and never graded a paper or who made students simply sit idle in class during time allotted for instruction, while the instructor graded papers.
We cannot recognize the in terrorem argument that this application of the FDA would, as to all of the colleges under its governance, strip the State Board of Education of any authority to establish work hours, designate duties, set salaries, or determine what constitutes full-time or part-time status. First, and foremost, an argument concerning the consequences of a particular construction of a statute are relevant only when the statute is ambiguous. Bleier v. Wellington Sears Co., 757 So.2d 1163, 1168 (Ala.2000). Here, the phrase "duties require," as it appears in § 36-26-100, is straightforward and requires no choice between alternatives. Second, if problems arise that cannot be solved by regulations creating objective standards for determining the number of hours an instructor's duties require, then the Legislature, not a court, is the proper body to change the statute.

VI. Conclusion

We conclude that the phrase "duties require," as it is used in § 36-26-100, unambiguously embraces not only the obligation to show up and instruct for 12 ½ hours but *266 also the obligation to take steps reasonably necessary for proper instruction, both before and after the time strictly allotted to classroom instruction itself.
We reverse the judgment of the Court of Civil Appeals and remand this case for that court to consider the issues it has not yet addressed but that need to be addressed because of our holding.
REVERSED AND REMANDED.
BROWN, JOHNSTONE, and WOODALL, JJ., concur.
MOORE, C.J., and HARWOOD and STUART, JJ., dissent.
HOUSTON and SEE, JJ., recuse themselves.
HARWOOD, Justice (dissenting).
I respectfully dissent.
If we were writing on a "clean slate," I would align myself with the several Justices and Judges who, in connection with the three appellate decisions previously issued in this case, have concluded that the Fair Dismissal Act does not apply to Mr. McLeod. However, I agree with the conclusion of today's main opinion that "[b]ecause three of the five Judges on the Court of Civil Appeals agreed that the FDA applied and because the college has not challenged this determination by cross-petition, the applicability of the FDA has become the law of this case." Nonetheless, I agree with the conclusion reached by all five members of the Court of Civil Appeals that, even if the FDA does apply to McLeod, he did not work the number of hours required to acquire tenured status under § 36-26-100, Ala.Code 1975, a portion of the FDA.
MOORE, C.J., and STUART, J., concur.

On Application for Rehearing
LYONS, Justice.
APPLICATION OVERRULED.
BROWN, JOHNSTONE, and WOODALL, JJ., concur.
MOORE, C.J., and HARWOOD and STUART, JJ., dissent.
HOUSTON and SEE, JJ., recuse themselves.
MOORE, Chief Justice (dissenting).
I dissent from the denial of rehearing. I do not believe that under the Fair Dismissal Act (hereinafter the "FDA") John McLeod had acquired tenured, full-time status. The provisions of the FDA apply only to full-time employees. The FDA defines full-time employees as "employees whose duties require 20 or more hours in each normal working week of the school term, employing board holidays excepted." Ala.Code 1975 § 36-26-100. This Court's opinion on original submission, Ex parte McLeod, 841 So.2d 260 (Ala.2001), allows an instructor to contract with a college to instruct for 15 credit hours as a part-time instructor and, upon a showing that his or her "duties require" out-of-class preparation of at least 5 hours, to then claim full-time status under the FDA.
First, I reiterate what the Court of Civil Appeals aptly noted as the "most obvious flaw" in McLeod's argument that he had attained full-time status under the FDA: "for every 15-credit-hour quarter he claims was `full-time' and counted toward tenure, he signed a contract stating that his employment was part-time, was nontenured, and did not count toward tenure." Young v. McLeod, 841 So.2d 245, 256 (Ala. Civ.App.2001). Furthermore, regardless of how his employment contract reads, *267 McLeod conceded that his actual work toward the "duties require[d]" of his position did not meet the 20-hour mark.
"As the undisputed evidence indicated, for the nine quarters in which McLeod taught 15 credit hours but was designated as `part-time,' the college did not `require' McLeod to perform any duty other than `to show up to teach his classes,' and McLeod concedes that he did not spend 20 hours per week on that duty."

Id. at 257 (emphasis added). Thus, neither the terms of McLeod's employment contract nor the actual duties he performed support the conclusion that McLeod is a "full-time" employee under the FDA.
The ramifications of this Court's opinion are considerable. What if a part-time instructor's "duties require" no out-of-class preparation? What if the time necessary for instruction plus preparation does not reach the 20 hour threshold? Clearly, then, such an instructor's "duties require" less time than did John McLeod's, and that instructor would not be accorded full-time status under the FDA.
This Court's opinion will require a case-by-case determination of what an instructor's "duties require." John McLeod taught 15 credit hours of theater, which he claimed required at least 20 hours of work per week. Young v. McLeod, 841 So.2d at 256. What of the part-time English instructor who is already familiar with the subject matter and who, in preparing for class, does not find that his "duties require" that he plan, read, or "watch[] plays on television"? Ex parte McLeod, 841 So.2d at 260. Such an English instructor remains banished to "part-time" status until he can show an Alabama court that, despite what an employment contract may say, the "duties require" 20 or more hours of work.
The part-time/full-time distinction need not be limited to the subject matter taught; it can also effectively reward a lack of ability. Suppose an efficient instructor contracts with George C. Wallace State Community College to teach 15 credit hours. This efficient instructor adequately completes his out-of-class preparation in four or fewer hours per week. The Court's opinion would deny that efficient instructor full-time status under the FDA, while a less efficient instructor, who requires out-of-class preparation time of five or more hours, is rewarded by being classified as a full-time employee.
Schools, once able to determine by contract how many hours their instructors worked, now find that a contractual limitation on an instructor's working hours is meaningless. With the power to determine working hours (and their own employment status) in the hands of the instructors themselves, schools will be required to police the out-of-class work of all instructors to discourage the less than honest from "padding" hours.
I believe the majority's decision in its opinion on original submission to change "15" into "20 or more" is contrary to Alabama law, to standards for statutory interpretation, to logic, and to basic mathematics. I would grant the application for rehearing in this case.
STUART, J., concurs.
NOTES
[1] Judge Crawley described McLeod's signature on a contract expressly renouncing an entitlement to tenure as "the most obvious flaw in McLeod's argument." 841 So.2d at 256. Only Judge Thompson agreed with this portion of Judge Crawley's opinion. We have not been asked to address whether the contract provision can displace the FDA.