MONROE, Judge.
The plaintiff appeals from a dismissal pursuant to Rule 12(b)(6), Ala.R.Civ.P., for failure to state a claim upon which relief can be granted.
Marie Maro sued her former employer, Sizemore Security International, Inc., in August 1995, alleging that she had been wrongfully discharged from her employment in violation of § 25-5-11.1, Ala.Code 1975. She alleged that she had been dismissed solely because she had filed a written notice of the violation of a safety rule pursuant to § 25-5-11(e)(4).
Maro’s complaint alleged that she was hired by Sizemore in May 1994 as a “security, fire and safety watch” officer and was thereafter placed by Sizemore at the 3M Corporation’s plant in Decatur. She alleged that on August 3, 1994, she was instructed to write up certain safety violations and that she was harassed after writing up the violations as instructed. Maro alleges that she reported these incidents to her supervisor and to the 3M safety person and that on August 8, 1994, her employment was terminated. She alleges that she was told that she was being discharged because she had been too strict in the enforcement of safety rules.
The trial court dismissed Maxo’s case pursuant to Rule 12(b)(6). Maro appealed to the Supreme Court, which deflected the case to this court pursuant to § 12-2-7(6), Ala.Code 1975.
Maro contends that she stated a valid claim against her former employer for relief under § 25-5-11.1, a part of the Workers’ Compensation Act. That Code section provides: “No employee shall be terminated by an employer ... solely because the employee has filed a written notice of violation of a safety rule pursuant to subdivision (c)(4) of Section 25-5-11.”
Section 25-5-ll(c)(4) provides a mechanism for employees to report a violation of a specific written safety rule of the employer by a co-employee in order to preserve a possible future cause of action against that co-employee for injury resulting from a violation of safety rules by that co-employee.
Maro argues that, even though her job involved filing reports to 3M of violations of that company’s safety rules by its employees, her claim still falls under the purview of § 25-5-11.1.
At the outset, we note that, in reviewing Rule 12(b)(6) dismissal, this court is to determine whether the plaintiff could prove any set of facts in support of her claim that would entitle her to relief, taking the allegations of the complaint most strongly in her favor. Jones v. Lee County Commission, 394 So .2d 928 (Ala.1981).
According to the allegations in Maro’s complaint, she was specifically hired by Size-more, a security company, to act as a “security, fire and safety watch” officer at 3M’s Decatur plant. As part of her job, she was instructed to write up safety violations by 3M employees. She claims that her employment was terminated solely because she was too strict in the enforcement of safety rules. However, Maro’s reporting of safety violations at the 3M plant was merely in performance of her job duties and is not the type of situation anticipated in § 25-5-11(e)(4). It appears from Maro’s complaint that her employment was terminated because of the way she performed her job and not because she filed a report of safety violations pursuant to § 25 — 5—11(c)(4).
Because Maro’s filing of reports of safety violations was not the type of filing contemplated by § 25-5-ll(c)(4), her complaint against Sizemore does not allege a proper claim under § 25-5-11.1. The trial court properly dismissed Maro’s case for failure to state a claim upon which relief can be granted.
AFFIRMED.
ROBERTSON, P.J., and THIGPEN, J., concur.