RICHARD L. HOLMES, Retired Appellate Judge.
This is an appeal from a dismissal, pursuant to Rule 12(b)(6), Ala.R.Civ.P., for failure to state a claim upon which relief can be granted.
In January 1995 Diahanne Rowe (employee) filed a complaint against Woods Associates, Inc., d/b/a The Joseph House (employer), alleging that she had been wrongfully discharged from her employment in violation of § 25-5-11.1, Ala.Code 1975. Specifically, she alleged that she had been discharged because she had given notice of the violation of certain safety rules pursuant to § 25-5-11(c)(4).
On May 31,1996, the trial court entered an order, wherein it dismissed the employee’s case for failure to state a cause of action under § 25-5-ll(c)(4)d., Ala.Code 1975. Specifically, the trial court determined that the violations of which the employee complained and reported did not put her “at risk of great injury or death.” However, the trial court subsequently vacated that order and allowed the employee to amend her complaint in order to make a more definite statement regarding the particular safety rules that the employer violated which put the employee or other employees “at risk” as defined in § 25-5-ll(c)(4)d.
The employee alleged in her amended complaint that she was a licensed practical nurse and that she worked for the employer, an assisted living facility, from July 1994 through August 5, 1995, as a patient care coordinator. She further alleged that during her employment, she complained to the administrator, to her co-employees, to the State of Alabama Department of Human Resources, to the Alabama Department of Mental Health, and to the State of Alabama Department of Licensure and Certification Bureau over assisted living facilities regarding the employer’s violation of various health and safety rules. The complaint further alleged that the state investigated the employer’s assisted living facility and issued multiple citations to the employer as a result of the violations.
We would note that the employee listed numerous safety violations which, she alleged, the employer had violated. The most pertinent violations, however, included medication being dispensed by unlicensed staff and nursing treatments being performed on the patients without doctor’s orders. The employee stated that she refused to partake in the unauthorized practices, that she reported them to the proper authorities, and that she was fired as a result thereof.
In essence, the employee contends that the employer’s violation of the safety rules not only put her at risk of losing her professional license, but also put her at risk of receiving personal bodily injury. The employee stated that a patient who did not receive the proper medication could create a danger to himself and to an employee, especially if an employee had to restrain the patient.
On July 17, 1996, the employer filed a motion to dismiss, pursuant to Rule 12(b)(6), Ala.R.Civ.P. On September 23, 1996, following a hearing, the trial court dismissed the employee’s complaint.
The employee appeals. This case is before this court pursuant to Ala.Code 1975, § 12-2-7(6).
At the outset we would note that our supreme court, in Fontenot v. Bramlett, 470 So.2d 669, 671 (Ala.1985), stated the following *1212 well-settled standard of review applicable to motions to dismiss:
“It is a well-established principle of law in this state that a complaint, like all other pleadings, should be liberally construed, Rule 8(f), Ala.R.Civ.P., and that a dismissal for failure to state a claim is properly granted only when it appears beyond a doubt that the plaintiff can prove no set of facts entitling him to relief. Winn-Dixie Montgomery, Inc. v. Henderson, 371 So.2d 899 (Ala.1979). Stated another way, if under a provable set of facts, upon any cognizable theory of law, a complaint states a claim upon which relief could be granted, the complaint should not be dismissed. Childs v. Mississippi Valley Title Insurance Co., 359 So.2d 1146 (Ala.1978)
“Where a [Rule] 12(b)(6) [, Ala.R.Civ.P.,] motion has been granted and [the appellate] [c]ourt is called upon to review the dismissal of the complaint, we must examine the allegations contained therein and construe them so as to resolve all doubts concerning the sufficiency of the complaint in favor of the plaintiff. First National Bank v. Gilbert Imported Hardwoods, Inc., 398 So.2d 258 (Ala.1981). In so doing, [the appellate] [e]ourt does not consider whether the plaintiff will ultimately prevail, only whether he has stated a claim under which he may possibly prevail. Karagan v. City of Mobile, 420 So.2d 57 (Ala.1982).”
(Emphasis in original.)
After applying the above-stated standard of review to the instant case, we are not convinced that the employee would be unable to recover against the employer under § 25-5-11.1. Section 25-5-11.1, provides, in pertinent part, that “[n]o employee shall be terminated by an employer solely because ... the employee has filed a written notice of violation of a safety rule pursuant to subdivision (e)(4) of Section 25-5-11.”
In Maro v. Sizemore Security International Inc., 678 So.2d 1127, 1128 (Ala.Civ.App. 1996), this court stated the following regarding the purpose of § 25-5-ll(c)(4):
“Section 25-5-ll(c)(4) provides a mechanism for employees to report a violation of a specific written safety rule of the employer by a co-employee in order to preserve a possible future cause of action against that co-employee for injury resulting from a violation of safety rules by that co-employee.”
Section 25-5-1 l(e)(4)d. states that the employee’s written notice of the safety violation must state with specificity “[t]hat the violation places the notifying employee at risk of great injury or death.”
In Morgan v. Northeast Alabama Regional Medical Center, 624 So.2d 560, 562 (Ala. 1993), our supreme court stated the following regarding the strict notice requirements set forth in § 25-5-ll(c)(4):
“ This heavy burden on [an employee] who seeks to establish that his co-employee has willfully injured him is consistent with the legislative purposes in enacting the statute that amended § 25-5-ll(e) to its present form. See Reed v. Brunson, 527 So.2d 102 (Ala.1988). Incorporation of all of these requirements into § 25-5-11.1 would not be consistent, however, with the remedial purposes of that provision. Section 25-5-11.1 was enacted to offset the harsh effects of the employment-at-will doctrine. See Twilley [v. Daubert Coated Products, Inc., 536 So.2d 1364 (Ala.1988) ]. There are legitimate reasons for imposing a strict notice-filing requirement before a co-employee can be said to be engaging in ‘willful conduct’ that injures the complaining employee, but those reasons do not apply to the policy of prohibiting employers from firing employees for complaining about safety violations. Thus, ... we construe the § 25-5-11.1 requirement of notice of a safety violation as not incorporating all the strict requirements of § 25-5-11(c)(4).”
(Emphasis added.)
Based on the foregoing, we conclude that the employee’s complaint presents a cognizable theory of law which, upon proof of the proper facts, may entitle her to recover against the employer under § 25-5-11.1. The employee alleged that she complained of the employer’s violation of various safety rules, that the state conducted an investiga *1213 tion and issued citations, and that she was fired as a result thereof.
Accordingly, the trial court erred in dismissing the employee’s complaint. Therefore, we reverse the judgment and remand the case for proceedings consistent with this opinion.
The foregoing opinion was prepared by Retired Appellate Judge RICHARD L. HOLMES while serving on active duty status as a judge of this court under the provisions of § 12-18-10(e), Code 1975.
REVERSED AND REMANDED.
All the Judges concur.